John **BEDWELL**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1184 S 451.

Supreme Court of Indiana.

Aug. 19, 1985.

Barbara Coyle Williams, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant John Bedwell was found guilty by a jury in the Vigo Superior Court of Class B felony conspiracy to commit arson for hire, Class C felony inducing an offense of arson and Class D felony theft. The trial court subsequently sentenced Appellant to thirteen years imprisonment for conspiracy, five years imprisonment for inducing an arson and two years imprisonment for theft. The sentences for inducing an arson and for theft were ordered to be served concurrently with the sentence for conspiracy. Appellant now directly appeals and raises the following two-part issue: whether the trial court committed fundamental error by (I) refusing to allow the testimony of Deputy Prosecutor James Walker and (II) by denying Appellant's several motions for mistrial. We note that Appellant has filed a defective brief on appeal because there is no section following the tables of contents and authorities entitled "Jurisdiction of the Supreme Court" as required by Ind.R. App.P. 8.3(A)(2) and there is no verbatim statement of the trial court's judgment as required by Ind.R.App.P. 8.3(A)(4). We also note that both parties to this case have poorly presented issue II.

The facts adduced during trial show that on August 24, 1981, Appellant and his family left their home in Terre Haute and traveled to Cincinnati, Ohio. On August 27, Horatio Hensley, Appellant's step-father, went to Appellant's house with permission and discovered the house in shambles. Hensley called the police and filed a burglary report. The next day, Appellant's house burned down during the early morning hours. The insurance carrier protecting this property, the Hartford Insurance Company, subsequently commenced an investigation of this fire and concluded that it was an incendiary fire caused by the igniting of a liquid accelerant spread on the home's dining room floor. Notwithstanding the suspicious nature of the fire, the Hartford Company paid Appellant's claims for a burglary loss and a fire loss. Approximately one year later, in February, 1983, the Terre Haute Police Department uncovered information suggesting that John Norris and Mark Stephens had conspired to commit arson upon Appellant's direction and at his urging. Pursuant to plea agreements with the State, both Norris and Stephens testi-

fied against Appellant at Appellant's trial. In particular, Stephens testified that Appellant offered him money to burn his house down.

## I

At the outset, we note that this Court has held:

"Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State,* (1979) [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State,* (1980) [274] Ind. [218], 409 N.E.2d 637."

*Dixon v. State,* (1984) Ind., 470 N.E.2d 728, 731, *quoting Warriner v. State,* (1982) Ind., 435 N.E.2d 562, 563.

■ Appellant first claims that fundamental error was committed during Appellant's case-in-chief when the trial court refused to allow the testimony of Deputy Prosecutor James Walker regarding the plea agreement between the State and Mark Stephens. By the terms of Stephens' plea agreement entered into evidence and present in the record, the State agreed to recommend a suspended sentence for Stephens in exchange for his trial testimony against Appellant. Appellant's argument is that the State apparently created an "unlawful" agreement with Stephens because the State agreed to recommend a suspended sentence in contravention of Ind.Code § 35–50–2–2(b) (Burns 1985). A suspended sentence would violate the statute since Stephens was convicted of class C felony burglary in 1981 and was on probation at the time of his participation in the instant offenses. We note that Ind.Code §§ 35–50–2–2(a), (b) and (b)(1) were read to the jury as the trial court's final instruction 12. It is true that a trial judge is required to sentence convicted criminals within statuto-

rily prescribed limits and any sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence. *Niece v. State,* (1983) Ind.App., 456 N.E.2d 1081. Whether Stephens was properly sentenced, however, is not a material issue in Appellant's case. This is, after all, an appeal of Appellant's convictions and any challenge to the legality of the plea agreement between Stephens and the State must be made by Stephens in his own independent action.

■ The significant fact in this case is that Stephens testified under oath and at peril of perjuring himself about matters wholly within his personal knowledge. Of course, the plea agreement was relevant only with regard to Stephens' credibility before this jury and its legality would not affect Stephens' duty to testify truthfully while under oath. Moreover, Appellant was allowed to fully cross-examine Stephens and had every opportunity to discredit or otherwise challenge Stephens' credibility. We consistently have held that it is the jury's responsibility to determine whether testimony is contrived and to generally judge the credibility of witnesses. Accordingly, this Court will not in any way impinge on that responsibility unless confronted with "inherently improbable" testimony, or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity". *See Rodgers v. State,* (1981) Ind., 422 N.E.2d 1211, 1213. Stephens' testimony certainly was not of such a character. We therefore find that the trial court did not err by refusing to allow Appellant to question James Walker about Stephens' plea agreement and about why Stephens made himself available to testify. Appellant's contention that he was "precluded totally" in his effort to discredit Stephens' testimony against him is wrong. We find no fundamental error here.

## II

■ Appellant next contends that the trial court committed fundamental error by denying his several motions for mistrial. In the instant case, Appellant several times

moved for a mistrial due to certain comments made by the Prosecutor during her closing argument. In particular, Appellant objected to the Prosecutor's comment that Appellant was a "criminal" and to the Prosecutor's comments that Stephens' plea agreement was legitimate. It is well settled that the denial of a motion for mistrial rests within the sound discretion of the trial court and will be reversed only upon a showing of clear error. Clear error in the denial of a mistrial exists when the defendant has been placed in a position of grave peril to which he should not have been subjected. *Wallace v. State*, (1983) Ind., 453 N.E.2d 245, *reh. denied.* Moreover, the declaration of a mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Didio v. State*, (1984) Ind., 471 N.E.2d 1117. Of course, the burden on appeal is upon the defendant to show that he was placed in grave peril by the denial of the mistrial motion. *Barker v. State*, (1982) Ind., 440 N.E.2d 664, *reh. denied.* The defendant on appeal also has the burden to show that no other action could have remedied the perilous situation into which he was placed. In this case, Appellant has made neither showing. Accordingly, we find that even if the remarks of the Prosecutor could have been considered improper, they cannot be deemed to have placed Appellant in a "position of grave peril." *Hubbard v. State*, (1982) Ind., 437 N.E.2d 52, 55. We therefore fail to find fundamental error in this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.