Renell D. BAKER, Appellant,
(Defendant below),

v.

STATE of Indiana, Appellee,
(Plaintiff below).

No. 185S32.

Supreme Court of Indiana.

April 17, 1986.

Edward C. Hilgendorf, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., for appellee.

SHEPARD, Justice.

Appellant Renell Baker was convicted after trial by jury of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl). He was sentenced to a term of imprisonment of twenty years. In this direct appeal, he raises the following issues:

1. Whether the evidence was sufficient to convict him;

2. Whether the court erred in allowing testimony about a statement made by a co-defendant over appellant's hearsay objection;

3. Whether the court erred in instructing the jury on flight as circumstantial evidence of guilt and on accomplice liability.

We affirm.

We note at the outset that our disposition of this case has been facilitated by the filing of excellent briefs by counsel for both parties. The facts are as follows.

The evidence at trial showed that on October 21, 1983, in South Bend, appellant and John Frazier left the South Bend home of witness Katherine Ellis together sometime around 9 p.m. They were in appellant's grandmother's white automobile. Appellant returned in the car later without Frazier.

At approximately 9 p.m., Gerard and June VanOverberghe returned home and saw an automobile in their driveway. The driver, alone in the car, sped off with headlights out. A chase ensured, with the Van-Overberghes chasing the automobile through red lights and stop signs. The VanOverberghes were able to take down the license plate number, but gave up the chase when a shot was fired at their car.

The victims returned to their house to find it had been broken into and ransacked. Several items of their property were stolen.

Shortly after the chase and after the burglary was reported, police officer Troutner saw Frazier "half-running, half-walking" away from the victim's neighborhood. He spoke with Frazier, who said his car had broken down in the area. Frazier's story appeared suspicious because he could not tell them where the car was, so Officer Troutner took him to the victim's house for possible identification. They said he was not the man they saw fleeing their house in the white car.

Appellant was arrested later when he reported a hit and run accident involving his grandmother's automobile. The license number matched the number on the car the VanOverberges chased from their house.

A few days later, Mrs. VanOverberge was shown a photographic array from which she chose Baker's photograph as depicting the man who drove the car away

from the burglarized house. She could not make a positive in-court identification, and she testified that, of all the photographs, the picture she chose looked the "most like" the driver.

Frazier testified, claiming he remembered nothing about the incident. It was revealed, however, that he had been convicted of the burglary.

### I. Sufficiency of the Evidence

We neither reweigh the evidence nor judge the credibility of the witnesses on appeal. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260. We will affirm the trial court where each element of the crime was proven by substantial evidence of probative value. *Id.* Inconsistencies in the State's case, such as the victim's inability to make a positive identification, go only to the weight of the evidence, and were for the jury to determine. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166.

The evidence was sufficient to find beyond a reasonable doubt that Baker was guilty. He left Ellis' house with Frazier in the white car. The same white car was chased away from the burglarized residence, and Baker's photograph was chosen as resembling the driver. Frazier, who was convicted of the burglary, was seen leaving the neighborhood soon after the burglary. Later that evening, Baker was still in possession of the car. Appellant's argument fails.

### II. Testimony Referring to Frazier's Statement

Baker next claims that error occurred when the State was allowed to elicit testimony from Officer Troutner that he saw Frazier in the neighborhood just after the burglary and that Frazier told him his car had broken down. Baker's objection was that the evidence of Frazier's statement about his car was impermissible hearsay evidence. We disagree.

Hearsay evidence is evidence offered to prove the truth of the matter asserted. *Winningham v. State* (1982), Ind., 432 N.E.2d 24. Clearly, the State was not attempting to prove the truth of Frazier's statement that his car had broken down; thus, the evidence was not hearsay.

Baker has not shown a basis on which this testimony should have been excluded. The testimony that Frazier was near the scene and concocted a reason for his presence was relevant to bolster the State's contention that Frazier and Baker had gone to the house together, but that Frazier was stranded when Baker fled in the car. The court properly admitted the officer's testimony.

### III. Instruction on Flight and Accomplice Liability

Baker argues the court erred when it instructed the jury that flight may be considered circumstantial evidence of guilt and that a defendant is responsible for the acts of his confederates. Each instruction was an accurate statement of the law. See, *Potter v. State* (1983), Ind., 451 N.E.2d 1080; See, *Richards v. State* (1985), Ind., 481 N.E.2d 1093. Baker argues, however, that there was no evidence to support the instructions.

That Baker fled from the scene of the burglary was amply shown by the victims' testimony that they chased the driver of the white car from their driveway at a high speed until a bullet hit their windshield. The evidence supported an instruction to the jury on flight as circumstantial evidence of guilt. *Cheney v. State* (1986), Ind., 486 N.E.2d 508.

Likewise, the evidence that Baker left Ellis' house with Frazier, that Baker sped away alone from the victims' house, that Frazier was found walking alone after the burglary, and that Frazier was convicted of the crime, supported an inference that the two acted in concert. The instruction on accomplice liability was properly given. *Burdine v. State* (1985), Ind., 477 N.E.2d 544.

The judgment of the trial court is affirmed.

GIVAN, C.J., PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The VanOverberghes were in the front seats of their Ford van on this dark and rainy night. Their headlights were on as were the outside lights on their house. While still several houses away, their attention was drawn to a strange car which had been backed into the driveway and parked near their house. The car began to pull away from the house as they approached the entrance to their driveway, its headlights out. The vehicles met at the entrance to the driveway, the crime car being illuminated in the headlights of the van. The car swerved around them in very close proximity and sped down the street. Mrs. VanOverberghe testified repeatedly that she saw only one person in the car. Mr. VanOverberghe testified that he saw one person. Neither stated or testified that appellant was that person. Neither stated or testified that Frazier, appellant's companion in the car before the crime, was not that person. Further evidence placed appellant in lone possession of the car after the crime, and showed Frazier's conviction for the crime. This evidence is not substantial, in that it does not provide a basis from which to deduce that appellant Baker was linked to this crime by his conduct in such a manner as to warrant the conclusion beyond a reasonable doubt that he is guilty of it. Reversal and discharge is the correct result here.