James E. FRY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8702–CR–243.

Supreme Court of Indiana.

April 26, 1988.

&#x221E;641.13(2)

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in appellant's conviction of Burglary, a Class B felony, for which he received a sentence of ten (10) years, and Theft, a Class D felony, for which he received a sentence of two (2) years, the sentences to run consecutively. Appellant's ten-year sentence was enhanced by twenty (20) years due to a finding that he is an habitual offender.

The facts are: At approximately 11:00 p.m., on March 29, 1986, Don Quinatte heard a loud pounding noise coming from outside his home. He walked to his front porch and saw appellant and another man, later identified as Charles Secrest, pounding on the door of a house across the street. After no one answered the door, the men walked to the side door and broke the window in the door. Quinnate yelled at them and asked them what they were doing. They told him that what he heard was the sound of a Coke bottle breaking. Quinnate stated that he watched them break the window. At this point, appellant and Secrest had approached Quinnate's house and were standing on the other side of his screen door. Appellant informed Quinnatte that what they were doing was none of his business and not to be surprised if his house were broken into.

Quinnatte called the police, and when they arrived, appellant was walking down the street. They talked to him but did not arrest him at that time. At approximately 1:00 a.m., on March 30, Quinnate was sitting on the front porch waiting for the two men to return, which they did. He watched the men go in the house across the street and he called the police again. Qui-

natte watched them leave the house carrying a stereo. His sister described the events to police over the telephone. The two men carried the stereo along the side of Quinnate's house. As they stood in the light of his outdoor spotlight, he recognized them as the same men he had talked to a few hours earlier.

Appellant held the stereo as Secrest climbed Quinnatte's six-foot fence. Quinnate watched them approach their apartment complex behind his house. Appellant was apprehended by police outside of the complex. At that time, Quinnatte identified appellant as the man he saw break into the house across the street.

Quinnate saw Secrest enter his apartment in the complex. Secrest's mother signed a consent form and police searched the apartment. In an upstairs closet, police found a stereo on the floor. The owner of the home which was broken into identified the stereo as his.

■ Appellant argues the evidence is insufficient to support his conviction. He asserts that Quinnate's testimony lacks credibility due to his bias and fear of being robbed. Also, he believes there is not sufficient evidence to establish that he was the person who burglarized the home and took the stereo because Quinnatte recited the events by saying "they" broke into the house. He contends that no evidence was shown to connect him with the man carrying the stereo and his mere presence in the area of the crime is insufficient to support his conviction.

Appellant recognizes that this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Baker v. State* (1986), Ind., 491 N.E.2d 524. The direct evidence shows that appellant entered the home and exited it as Secrest carried the stereo. Appellant held the stereo as Secrest climbed the fence. We find the evidence is sufficient to support the court's findings and judgment.

■ Appellant argues that his conviction should be reversed because he was denied his right to a speedy trial.

The record reflects the following: On May 2, 1986, appellant made an oral request for a speedy trial. On May 27, 1986, appellant moved for a continuance, and the trial was reset for June 30, 1986. On June 27, 1986, the State's motion for continuance was granted, and the trial was reset for August 11, 1986. On August 11, 1986, appellant's motion for continuance was granted, and the trial was reset for August 26, 1986. Though it may be a typographical error, the next docket entry shows that on August 28, 1986 appellant made another motion for continuance, and the trial date was reset for September 23, 1986. Finally, on September 23, 1986, appellant's case went to trial.

Appellant denies having any knowledge of his trial counsel's requests for continuances. The record reflects that the State's motion for continuance reset the trial date for August 11, 1986 without an objection by appellant. The record also reflects that when the continuances were granted on August 28, 1986 appellant appeared in person and by counsel. Appellant's allegation that he was unaware of the continuances is not supported by the record. He made no objection to any of the reset trial dates.

It was incumbent upon appellant to object at the earliest opportunity when his trial date was scheduled beyond the limits prescribed by Ind.R.Cr.P. 4(B)(1). *Smith v. State* (1985), Ind., 477 N.E.2d 857. Because the trial date was confirmed without an objection by appellant, he acquiesced to the later trial date. *Id.*

Appellant believes the trial court committed reversible error by refusing to rule on his *pro se* motion to dismiss. He makes this argument but fails to cite any authority to support his contention. Therefore, this issue is deemed waived pursuant to Ind.R.App.P. 8.3(A)(7). *Smith v. State* (1984), Ind., 465 N.E.2d 1105.

■ Appellant argues that reversible error was committed when the trial court denied his motion for lineup. In his brief, appellant cites cases from various jurisdictions which stand for the proposition that

fairness requires the granting of a defendant's request for a lineup.

No authority exists in Indiana for the granting of a pretrial lineup upon a defendant's request. Discovery in criminal cases is largely a matter within the sound discretion of the trial court, and without a showing of clear error and prejudice to the defendant, its ruling will remain undisturbed. *Clark v. State* (1986), Ind., 498 N.E.2d 918.

In appellant's case, Quinnate was able to observe appellant for several minutes and talked to him as they stood a foot apart. Quinnate immediately identified appellant to police as the man who broke into the victim's home. We find no abuse of the trial court's discretion in denying appellant's requested lineup.

■ Appellant claims that his trial counsel was ineffective and his conviction should be reversed. The basis for his assertion is a document filed with the court which was handwritten and reads as follows:

#### "Plea of Guilty

After consultation with my attorney, and being duly advised, I, hereby willingly and of my own free will, plead guilty to Count I of the information, provided the State Recommends a 15 yr[.] sentence on Count I, and dismisses Count II, also providing that the State will not file Habitual Criminal Charges."

The plea was signed by appellant and his trial attorney. He asserts that his trial counsel "had him sign" this document and transformed it into a handwritten plea of guilty then filed it without his knowledge or consent.

Appellant argues that because the document was present in the file, he was not afforded a fair trial by an impartial judge. In appellant's view, if his trial counsel would have moved for a change of judge on the basis of his bias, the result of his trial would have been different because the presiding judge could not have conscientiously conducted a fair trial.

Appellant also lists alleged examples of his trial counsel's incompetence which were included in his motion to correct error:

1. failure to suppress the evidence,
2. failure to subpoena defense star witness as so ordered by petitioner,
3. waived petitioner's constitutional right to a fast and speedy trial without petitioner's consent, knowledge or hearing,
4. failure to object to State's star witnesses during in-court identification,
5. failure to object to trial court's denial of motion for dismissal.

Reversal for ineffective assistance of counsel is appropriate when appellant has shown both the deficient performance by counsel and the resulting prejudice were so serious that he was deprived of a trial the result of which is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Van Evey v. State* (1986), Ind., 499 N.E.2d 245. It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.*

Appellant does not assert how he was prejudiced by the alleged errors listed in his motion to correct error. Therefore, only the issue regarding the guilty plea will be reviewed.

Appellant asserts that the guilty plea, unaccepted by the prosecution, was fabricated without his knowledge. However, nothing in the record reflects that this is in fact true. Also, appellant does not establish that the trial judge was influenced by the guilty plea.

The law presumes that a judge is unbiased and unprejudiced in matters which come before him. *Smith v. State* (1985), Ind., 477 N.E.2d 857. We held in *Beland v. State* (1985), Ind., 476 N.E.2d 843, that even when the record shows that a judge read a defendant's plea agreement and it was refused by the trial court, such is not sufficient to establish a judge's bias or

prejudice. Because appellant has not established prejudice from the alleged error, we cannot reverse his conviction.

 Appellant argues that his conviction should be set aside or his sentence reduced because the trial court's findings did not adequately reflect the mitigating circumstances present in his case.

Appellant received the ten-year presumptive sentence for his burglary conviction and the two-year presumptive sentence for theft. The trial court ordered them to be served consecutively. Upon a finding that appellant is an habitual offender, his sentence for the burglary conviction was enhanced by twenty years pursuant to Ind. Code § 35–50–2–8(e).

Appellant complains that the trial court did not show a relation of the facts of the specific crime to the sentence imposed and the objectives served by that sentence and did not consider the aggravating and mitigating circumstances listed in Ind.Code § 35–38–1–7.

In appellant's case, he was sentenced to consecutive terms. When a trial court imposes an increased or consecutive sentence, the record must show a consideration by the judge of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. *Smith v. State* (1986), Ind., 491 N.E.2d 193. The record does not reflect such a consideration.

The trial court did list certain mitigating factors in explanation of appellant's sentence enhancement of twenty (20) instead of thirty (30) years. The factors considered were sufficient under Ind.Code § 35–38–1–7(c) and (d). However, where as here, the trial court enhances a sentence by ordering sentences to run consecutively, the record must include a statement of the court's reasons for selecting the sentence that it imposes. The statement of reasons should contain: a) identification of all significant mitigating and aggravating circumstances found; b) specific facts and reasons which lead the court to find the existence of each circumstance; and c) articulation demonstrating that the mitigating and aggravating circumstances have

been evaluated and balanced in determination of the sentence. *Budd v. State* (1986), Ind., 499 N.E.2d 1116.

When a trial court has imposed a sentence without giving a sufficient statement supporting that sentence, the proper remedy is to remand the case to the trial court for a more specific statement or the imposition of the standard sentence. *Frappier v. State* (1983), Ind., 448 N.E.2d 1188.

This case is remanded to the trial court for proper sentencing pursuant to this opinion and is in all other things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.