Doren MARTIN and Bruce
Haymaker, Appellants,

v.

STATE of Indiana, Appellee.

No. 49S00–8704–CR–373.

Supreme Court of Indiana.

Sept. 22, 1988.

William F. Thoms, Jr., Indianapolis, for Doren Martin.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for Bruce Haymaker.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the following:

Bruce Haymaker was convicted of Robbery, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender; Robbery, a Class B felony, for which he received a sentence of twenty (20) years; Conspiracy to Commit Robbery, a Class B felony, for which he received a sentence of twenty (20) years; and Confinement, a Class B felony, for which he received a sentence of twenty (20) years, his sentences to run concurrently.

Doren Martin was convicted of Robbery, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender; Robbery, a Class B felony, for which he received a sentence of twenty (20) years; Conspiracy to Commit Robbery, a Class B felony, for which he received a sentence of eight (8) years; and Confinement, a Class B felony, for which he received a sentence of twenty (20) years, his sentences to run concurrently.

The facts are: During the evening of February 27, 1986, Tim Bunton rode around Indianapolis with appellants for three or four hours looking for a place to rob. Bunton testified that each person wore two layers of clothing so that if they were stopped by police, they could shed a layer to avoid being identified as the robbers.

The trio parked their car approximately a block away from a Giovanni's Pizza restaurant and Martin gave Bunton a .32 caliber revolver. Martin previously had cut out a stocking cap's inner layer of fabric so that it could be pulled completely over the face, yet allow some visibility through the hole. He gave the mask to Bunton.

Bunton's assignment was to put the money from behind the counter into his bag. When Bunton entered the building, he froze. Haymaker grabbed the bag from Bunton and got the money from the cash register. Haymaker told Bunton to get the wallet of an employee, William Cox, which he did.

Bunton and Haymaker rejoined Martin, who had been waiting in the car, and they drove away. They split the stolen money three ways, which amounted to $15.00 apiece.

On March 16, 1986, Officer Hunter of the Bloomington Police Department stopped a green Chevrolet which was occupied by Haymaker and Martin. Officer Crouch appeared at the scene to assist Officer Hunter. Officer Crouch observed a gun on the floorboard of the car, and appellants were transported to the Bloomington Police Department.

During an inventory search of Haymaker's car, police found a .38 caliber and a .32 caliber handgun. They also found the masks and clothing which were linked to the robbery of Giovanni's.

Bunton identified State's Exhibits 3–A and 3–B as clothing similar to that worn by Haymaker during the robbery, and Exhibit 4 as the mask which hid Haymaker's face. Also, he identified two exhibits as being the guns they used at Giovanni's.

■ Appellant Haymaker argues the evidence is insufficient to support his conviction as to Count I robbery, which charged that he robbed William Cox of his wallet. He asserts the record shows that it was Bunton, not appellant, who took Cox's wallet from him; thus, his conviction should be reversed.

On appeal, this Court will not reweigh the evidence or judge the credibility of the witnesses. *Evans v. State* (1986), Ind., 497 N.E.2d 919.

■ There is conflicting evidence as to who removed Cox's wallet from his pocket. However, who actually took the wallet is irrelevant because an accomplice can be criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan. *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

■ Cox testified that Haymaker ordered Bunton to give him Cox's wallet, which he did. The uncorroborated testimony of a victim is sufficient to sustain a robbery conviction. *Id.* We find the evidence is sufficient to sustain Haymaker's convictions.

Appellant Haymaker argues the trial court erroneously admitted into evidence State's Exhibit 11, a red stocking cap. At trial he objected on the basis that the mask was simply found in the car at the time of his arrest in Bloomington and has no relevance to the robbery of Giovanni's.

■ The trial court has wide discretion in determining the relevancy of offered exhibits. *Mullins v. State* (1988), Ind., 523 N.E.2d 419. Evidence may be admitted even where there is only a slight tendency to connect the defendant with the offense. *Sons v. State* (1987), Ind., 502 N.E.2d 1331.

■ Bunton testified that during the Giovanni robbery, he and Haymaker wore masks which had a layer of cloth cut out to allow visibility. The mask in Exhibit 11 had been similarly altered; thus, it was relevant to show appellants' *modus operandi*. Further, we fail to see how Haymaker suffered prejudice from its admission considering the amount of other evidence admitted concerning the altered stocking caps. We find no error.

Appellants argue the trial court erred in denying their motion for mistrial. Both appellants were granted a motion in limine which excluded evidence of other uncharged criminal activity, specifically, evidence of other planned robberies near Bloomington.

Officer Deckard testified about the events which occurred during appellants' arrests, and he said, "we started inventorying the vehicle we started finding articles inside the car that lead (sic) us to believe that the subjects were involved in more ..." at which time appellants objected. A hearing ensued out of the presence of the jury and appellants' motion for mistrial was denied. Before the trial resumed, the jury was admonished to disregard volunteered statements of the witness in considering the guilt or innocence of the defendant.

Appellants contend the violation of the motion in limine was prejudicial error, the admonishment was insufficient, and their convictions should be reversed.

■ The granting of a mistrial lies within the sound discretion of the trial court and will be reversed only upon a showing of clear error. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090. A mistrial is an extreme remedy and is warranted only where lesser-curative measures will not suffice. *Wallace v. State* (1985), Ind., 486 N.E.2d 445.

■ A prompt admonishment is presumed to cure error resulting from the admission of improper evidence. *Swafford v. State* (1986), Ind., 498 N.E.2d 1188. The trial court may have properly decided that an admonishment more specific than the one given could have brought more attention to the officer's comment and been prejudicial to appellants. We find no abuse of discretion in the trial court's denial of appellants' motion for mistrial.

Appellant Martin argues the trial court erred in admitting State's Exhibits 5, 12, and 8.

Exhibit 5 is a .38 caliber pistol. Appellant argues it should not have been admitted because there were no identifying marks on it to connect it to the crimes for which he was charged or evidence to show that the exhibit had not been altered.

At trial, Officer Crouch testified that Exhibit 5 was the gun which he took from Haymaker's car at the time of their arrest. He stated that he identified Exhibit 5 as the same gun by its appearance and because it was in a Bloomington Police Department property bag, but he did not place on it any identifying marks.

■ Physical evidence may not be admitted until a foundation witness identifies the item as being similar to the item associated with the crime and there is evidence that the instrumentality is connected to the defendant and the commission of the crime. *Hudson v. State* (1986), Ind., 496 N.E.2d 1286. The foundation for the introduction of physical evidence, the characteristics of which can be identified by eyewitness identification, is fulfilled when the witness is able to identify the item and the item has relevance to the case. *Boyd v. State* (1986), Ind., 494 N.E.2d 284.

■ Because the gun was a non-fungible item which was identified by an eyewitness at trial, we find that Exhibit 5 was properly admitted. *Id.*

■ Appellant makes the same complaint about Exhibit 12, which consists of a pair of jeans and a pair of corduroys.

At trial, Bunton testified that they wore two sets of clothing so that one layer could be shed to prevent them from being identified as the robbers. Officer Crouch testified that the pants in Exhibit 12 were the same pants which appellant Martin was wearing when he was arrested. This testimony created a sufficient foundation for the admission of Exhibit 12 into evidence. *Id.*

State's Exhibit 8 consists of a plastic gym bag containing three pairs of jersey gloves and several rounds of ammunition. Appellant Martin contends that no evidence exists which connects it to the crimes charged.

■ Any fact which legitimately tends to connect a defendant with a crime is admissible when a reasonable inference may be deduced from such evidence. *Harris v. State* (1985), Ind., 480 N.E.2d 932. Bunton identified the gloves as being similar to the ones worn during the robbery of Giovanni's. The record also shows that Haymaker and Bunton were armed with

revolvers during the robbery and that both weapons were seized from Haymaker's car at their arrest. These facts tend to connect appellants to the crime. The relevancy foundation was established and Exhibit 8 was properly admitted.

Appellant Martin argues the trial court erred in failing to give his Tendered Instruction No. 6, which addressed the jury's duty to consider the guilt or innocence of each defendant individually.

■ The refusal of a tendered instruction is not error when its substance was covered by other instructions given by the trial court. *Washburn v. State* (1986), Ind., 499 N.E.2d 264. In appellant's case, the jury was instructed, "[T]here are two defendants in this cause. You should give separate consideration to each defendant. Each is entitled to have his case decided on the evidence and the law which is applicable to him." We find no error in the refusal of appellant's Tendered Instruction No. 6.

Appellant Martin argues the trial court erred in admitting State's Exhibits 4 and 5 during the habitual offender phase of the trial. Exhibits 4 and 5 contain various documents pertaining to Martin's prior convictions.

In his argument, appellant fails to cite any authority to support his contention. Therefore, the issue is deemed waived pursuant to Ind.R.App.P. 8.3(A)(7). *Fry v. State* (1988), Ind., 521 N.E.2d 1302.

Appellant Martin argues the evidence is insufficient to support the determination that he is an habitual offender.

During the habitual offender phase of appellant's trial State's Exhibits 1, 2, and 3 were admitted to establish appellant's prior felony convictions.

Exhibit 1 is a record from the Marion County Jail which shows Doren Lee Martin was arrested for robbery on October 15, 1974.

Exhibit 2 is a docket entry from Marion County Criminal Court 3, which shows that Doren L. Martin pleaded guilty to robbery on March 17, 1975.

Exhibit 3 is a docket entry from Marion County Criminal Court 3, which shows that Doren L. Martin was sentenced to one (1) year for robbery on April 14, 1975 under the minor's statute.

The information alleging appellant's habitual offender status states that he had been convicted of attempted armed robbery in April of 1975 instead of robbery. Appellant alleges that the variance between the information and the evidence presented was error fatal to the State's case.

■ We agree with appellant that the habitual offender allegations must be charged in the same manner as a criminal offense. *Sears v. State* (1983), Ind., 456 N.E.2d 390. However, we cannot agree with appellant that the variance in his case was fatal error. The information supplied appellant with the proper date and court in which he was convicted. Appellant does not claim that he was misled in his defense against the allegation of habitual criminality by the variance. Because appellant has shown no prejudice from the variance, we find no reversible error. *Id.; Morgan v. State* (1982), Ind., 440 N.E.2d 1087.

■ Appellant also argues that in regard to Exhibit 5, the State has failed to establish that he is the Doren Lee Martin listed on the commitment.

Exhibit 5 consists of an abstract of judgment of Doren L. Martin, a fingerprint card, and an identification sheet with a photograph of Martin. A fingerprint analyst took appellant's fingerprints and upon comparing them to those in Exhibit 5, testified that the fingerprints in Exhibit 5 were appellant's. We find the evidence was sufficient for the jury to determine that appellant was the subject of the documents in Exhibit 5. *Gilliam v. State* (1987), Ind., 509 N.E.2d 815.

Appellant finally argues the State failed to show the dates on which the two prior felonies were committed.

■ In order to support an habitual offender charge, the State must show that the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subse-

quent to his having been sentenced upon the first, and the offense upon which the charge is based was subsequent to his second conviction. *Clark v. State* (1985), Ind., 480 N.E.2d 555.

 Appellant contends that, as in *Clark*, his habitual offender determination must be vacated because the State has failed to show that his felony convictions were subsequent and unrelated.

In *Clark*, the State presented evidence of the commission, conviction, and sentencing of the defendant's first felony, but only the dates of the conviction and sentencing as to the second. Because there was no way to discern when the second offense was committed, thus whether it was subsequent to the first, the habitual offender determination was vacated.

In appellant's case, the State presented evidence that appellant Martin was sentenced for robbery on April 14, 1975, and that he committed robbery on February 26, 1981, pleaded guilty, and was sentenced on May 23, 1984.

Though the State did not present evidence of the date on which appellant committed the 1975 robbery, one may reasonably conclude from the evidence that appellant committed the 1981 felony subsequent to the 1975 felony sentence. Therefore, appellant's habitual offender determination will not be vacated.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.