**Fred L. McCOVENS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8707–CR–674.**

Supreme Court of Indiana.

June 9, 1989.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class C felony, for which he received a sentence of five (5) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender, and Resisting Law Enforcement, a Class A misdemeanor, for which he received a sentence of one (1) year, his sentences to run concurrently.

The facts are: At approximately 5:36 a.m. on June 25, 1986, Officer Guthier of the Indianapolis Police Department received a radio call that an alarm had sounded at Marcus Metals on East 25th Street. Upon his arrival, Officer Guthier observed a man running in a crouched position across a lot inside the fence which surrounded the business. The subject squeezed between two sections on the top of the fence and ran. Officer Guthier and Officer Morrolf chased him, told him they were police officers, and ordered him to stop, but he continued fleeing toward an area of trees and brush. The brush proved to be too thick to traverse and police seized the subject and arrested him. The subject gave what was later determined to be a false name and address. Officer Guthier identified appellant in court as the person they arrested on June 25.

The owner of the business inspected the premises and found that several transmission casings had been removed from a bin and moved to two places near the fence and front gate. Appellant admitted being on the grounds, fleeing police, and giving a false identification, but he denied maintaining any intent to steal property.

■ Appellant argues the evidence is insufficient to sustain his conviction of burglary. He asserts that because there was no evidence of pry marks or forced entry, the element of "breaking" is supported only by speculation that he climbed the fence or squeezed through it.

On appeal, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Baker v. State* (1986), Ind., 491 N.E.2d 524. The element of "breaking" in Ind.Code § 35–43–2–1 may be proved entirely by circumstantial evidence. *Gilliam v. State* (1987), Ind., 509 N.E.2d 815.

In appellant's case, the business owner testified that when he left the premises on the evening of June 24, 1986 the fence was intact and the property was secured. He stated that the fence was still intact without any holes or openings the next morning when the alarm sounded.

The fence surrounding the business was a "structure" as contemplated by Ind.Code § 35–43–2–1, its purpose being to protect the property on the premises. Appellant committed a "breaking" when he either climbed over it or squeezed through its sections. *Joy v. State* (1984), Ind.App., 460 N.E.2d 551. We find the evidence is sufficient to establish that appellant committed a "breaking."

■ Appellant argues the evidence is insufficient to sustain his convictions because the State failed to establish that he entered the property with the intent to commit a felony. He reasons that because he was charged with theft and the jury returned a verdict of not guilty on that count, his burglary conviction must be reversed.

■ The jury may consider circumstantial evidence and draw reasonable inferences therefrom in determining whether the defendant had the intent to commit a felony after he broke into the property. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841. To obtain a conviction for burglary, it is not necessary for the State to prove that the defendant committed theft or any other felony because the burglary is complete upon breaking and entering with intent to commit a felony. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. We find the evidence is sufficient to support the jury's finding that appellant broke into the premises with the intent to commit a felony.

Appellant contends the evidence is insufficient because the testimony of the police officers was inherently unbelievable. He believes that because no fingerprints were taken, dirt and oil from the machine parts would have soiled his clothing had he handled them, and because the officers wanted his arrest to result in a conviction, the evidence was not proven beyond a reasonable doubt.

Appellant is asking us to reweigh the evidence and judge the credibility of the witnesses, which is the province of the jury and not this Court. *Baker, supra.* We find the evidence is sufficient to support his burglary conviction.

■ Appellant argues that by finding him guilty of burglary and not guilty of

theft, the jury returned inconsistent verdicts which is contrary to law.

Appellant's complaint is without merit. Burglary requires a breaking and entering with the intent to commit a felony. Theft requires the unauthorized control of another's property with the intent to deprive the owner of the property. The jury could have had a reasonable doubt as to whether appellant exercised unauthorized control of the property but still could have believed that he broke into the grounds with the intent to commit a felony. *Wilson v. State* (1987), Ind., 511 N.E.2d 1014. The verdicts in appellant's case are not inconsistent.

Appellant argues he was denied a fair trial when the trial court denied his motion for mistrial. During the testimony of Officer Morrolf, the prosecutor asked him whether he had been to Marcus Iron and Metal previously and whether he had seen a person running through the alley. He then asked him whether he saw a person on June 25 in the alley. (This is not the location at which appellant was seen and pursued.) Appellant moved for a mistrial on the ground that it violated a motion in limine and the questions implied either that appellant had been seen by police earlier in the alley or that two men were at the business on the morning of June 25.

The granting of a mistrial lies within the discretion of the trial court and will be reversed only upon a showing of clear error. To prevail, appellant must demonstrate that he was placed in a position of grave peril to which he should not have been subjected. A mistrial is an extreme remedy and is warranted only where lesser-curative measures will not suffice. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090.

After the hearing on his motion, Officer Morrolf was asked whether the person whom he earlier had seen was appellant, and whether on June 25 he saw anyone run up the alley. Officer Morrolf replied "no" to both questions. Because the implications which possibly arose from asking the questions were negated by Officer's Morrolf's answers, appellant was not placed in a position of grave peril.

Additionally, the State points out that previously Officer Morrolf had been asked why he went into the alley next to the business on June 25. He replied that on previous runs to investigate the alarm sounding at Marcus Metals, he found a person standing in the alley, and when he approached him, he fled. Appellant made no objection at that time. Any error in the admission of evidence is not prejudicial, and therefore harmless, if the same or similar evidence has been admitted without objection or contradiction. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied* (1987), 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860. We find no error in the denial of appellant's motion for mistrial.

Appellant contends the jury was improperly instructed. He objected to Instruction No. 1, which informed the jury that a fence was a "structure" within Ind. Code § 35–43–2–1, and he objected to Instruction No. 2, which stated:

"You are instructed that the law in Indiana defining Burglary as the breaking and entering the building or structure of another person includes as 'Breaking and Entering' hopping over a fence."

Appellant asserts the instruction was not supported by the evidence because no showing was made that he hopped over a fence, but he asserts he in fact walked through an unfenced section of the property. He believes the instruction was mandatory and invaded the province of the jury.

The business owner testified that the property was completely encircled by the fence, which had no holes or openings. The instruction referred to allegations concerning an element of the crime, "breaking," and not specific factual allegations. The jury also was instructed that they are the sole judges of both the law and the evidence and they must presume the defendant's innocence unless the State proves every element of the offense charged beyond a reasonable doubt. We find the instruction was not mandatory and was appropriate under the facts of the case.

Appellant argues the trial court committed reversible error by refusing his proposed instructions.

■ Appellant's proposed Instruction No. 2 stated that the defendant is a competent witness in his own behalf, they have no right to look upon his testimony with suspicion, and his testimony should be weighed as that of any other witness. We have held that no error occurs in giving this instruction or refusing it. *Jackson v. State* (1988), Ind., 521 N.E.2d 339.

■ Appellant's proposed Instruction No. 3 stated that the jury must acquit him if the State fails to prove beyond a reasonable doubt that he entertained the specific intent to commit the crime charged.

We stated above that the jury was instructed that the State must prove every element of the offense charged beyond a reasonable doubt. Additionally, they were instructed:

"BURGLARY ... The elements of the crime are that the defendant must: 1. Break and enter 2. The building or structure of another person 3. With the intent to commit a felony in it...."

Because appellant's proposed instruction was covered by instructions actually given at trial, we find no error in its refusal. *Whipple v. State* (1988), Ind., 523 N.E.2d 1363.

■ Appellant's proposed Instruction No. 4 stated that a lesser included offense of burglary is criminal trespass and it gave the definition of that crime. He argues the evidence supports the instruction.

■ The test for determining whether it was error to refuse an instruction on a lesser included offense is: 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and 2) whether evidence was introduced at trial to which the included offense instruction was applicable. The evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Roland v. State* (1986), Ind., 501 N.E.2d 1034.

Because the evidence in appellant's case is not subject to the interpretation that the greater offense of burglary was not committed, we find no error in the refusal of his tendered Instruction No. 4.

■ Appellant's proposed Instruction No. 7 covered the topic of flight of the defendant as bearing evidence of the consciousness of guilt. An instruction similar to appellant's proposed instruction was given at trial. Appellant now argues that the evidence does not support the instruction.

Police testified that appellant ran from them after they told him they were police and ordered him to stop, and they caught him when his path was obstructed by thick underbrush. We find the evidence sufficiently supported the instruction on flight.

■ Appellant argues the State failed to prove that he had been convicted of two prior unrelated felonies to support his habitual offender status.

Appellant argues the State failed to establish the commission dates of his prior convictions. The record contains judgments pertaining to his prior convictions but no informations. The State concedes that the documents establish conviction dates but no commission dates of appellant's prior felonies and suggests that appellant be provided a new sentencing hearing.

■ To sustain a sentence under Ind. Code § 35-50-2-8, the State must prove that the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *Youngblood v. State* (1987), Ind., 515 N.E.2d 522.

A rational inference could be made that because appellant's prior convictions span nearly twenty years, they were committed in the sequence mandated by the statute. However, this Court has held that such inferences are not sufficient to support the imposition of an habitual offender status.

*Id.* Therefore, appellant's habitual offender status must be set aside. We need not address other assignments of error regarding the habitual offender phase of the trial.

This case is remanded to the trial court with instructions to set aside the habitual offender status enhancement. In all other respects the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents and concurs with separate opinion.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, Justice, dissenting and concurring.

The crime of burglary is defined by statute in the following manner. "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." I.C. 35–43–2–1. Two of the forms of the related crime of criminal trespass are defined by statute in the following manner:

   (a) A person who:

      (1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or his agent;

      \*    \*    \*    \*    \*    \*

      (4) knowingly or intentionally interferes with the possession or use of the property of another person without his consent;

commits criminal trespass, a Class A misdemeanor.

   (b) A person has been denied entry under subdivision (a)(1) of this section when he has been denied entry by means of:

      \*    \*    \*    \*    \*    \*

      (2) posting or exhibiting a notice at the main entrance in a manner that is either presented by law or likely to come to the attention of the public.

I.C. 35–43–2–2. Having read these two statutes, and their immediate predecessors,

I am unable to agree with the First District of our Court of Appeals in *Joy v. State* (1984), Ind.App., 460 N.E.2d 551, and the majority in this case, that "hopping over" or "squeezing through", or even cutting through a fence which surrounds a junk yard, with the intent to steal, constitutes a breaking and entering of a structure as contemplated in the burglary statute. See *id.* at 559 n. 8.

The word "structure" suggests an item which consists of different parts or members which are put together to form a homogenous whole. *Webster's Third New International Dictionary* (1976). A fence, while made up of posts and stringers and often woven wire of some sort, exists for the most part in a single plane, and lacks that complexity often associated with common structures such as bridges and buildings. It is also accurate to say that areas rendered secure by fences alone are considered low-security areas, while areas within houses, barns, sheds, and garages are considered high-security areas. Possessory interests and expectations are at a lower ebb with respect to areas secured by most fences, and one would not reasonably expect that an intrusion into fenced areas would be treated with the same severity as intrusions into areas more strongly secured, such as sheds, warehouses and homes.

Behind the present statutory language stand the prior burglary statutes. Under those statutes, while a fence was considered a valuable "structure" in need of special protection against theft, by express terms, the entering of a lot or yard enclosed by a fence with the intent to commit a felony was considered only third degree burglary, a crime punishable by no more than one year at the state farm:

   whoever enters or attempts to enter any inclosed or uninclosed lot, parcel, or tract of land, with the intent to commit a felony thereon, or with the intent ... to sever or remove any building, gate, fence, railing, or other structure, shall be guilty of burglary in the third degree....

I.C. 35–13–4–4(c) (Burns Supp.1975).

It seems highly likely that third degree burglary, which was often not a lesser and

included offense of first and second degree burglary and thus, in an important respect, not often a species of burglary at all, was moved at the time of codification to and subsumed in the criminal trespass statute.

With the duty to give due deference to the legislative prerogative to define crimes and punishments on the one hand, and the duty to narrowly construe ambiguity in criminal statutes on the other hand, the correct conclusion to be reached here is that a fenced yard is not a "structure" within the meaning of that term in the burglary statute. I would reverse the conviction for burglary and affirm the conviction for resisting law enforcement.