**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 10 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JONATHON HARRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1307-CR-655 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1204-FC-3235

**February 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jonathon Harris ("Harris") appeals from the trial court's order revoking his probation, contending that the trial court committed fundamental error by admitting incriminatory statements Harris made to an investigating officer without the benefit of *Miranda* warnings. Given that probation proceedings are civil in nature, and that as a result *Miranda* warnings are inapplicable, and given the cumulative nature of Harris's statements, we affirm the trial court's decision.

### FACTS AND PROCEDURAL HISTORY

After Harris pleaded guilty to pointing a firearm as a Class A misdemeanor, the trial court accepted Harris's plea, sentenced Harris to 365 days in jail, and suspended the sentence to probation. A term of the sentencing order provided that "Defendant shall be placed on probation for a period of one year under the standard conditions and any on the written order of probation." *Appellant's App*. at 20. Condition Number 2 of the probation order required that Harris "comply with all Local, State and Federal laws, and within 48 hours of being arrested or charged for a new criminal offense . . . shall contact [his] Probation Officer with that information." *Id*. at 18.[1]

On May 16, 2013, the State alleged that Harris violated the conditions of his probation by committing the offense, invasion of privacy as a Class A misdemeanor. At a hearing held on June 21, 2013, Noblesville Police Officer April Lantz ("Officer Lantz") testified that her department received a report that Harris had violated a no contact order.

---

[1] Harris has not favored us with a copy of the document containing the conditions of his probation in the appendix submitted to the court. Thus, we must accept as true the contentions of the parties about the content of the conditions of probation.

Officer Lantz met with the protected person who told the officer that Harris was violating the no contact order by sending her text messages and visiting her place of employment. The woman provided Officer Lantz with a copy of the protective order issued by the Marion Superior Court, and that copy was presented at Harris's probation revocation hearing. The no contact order provided that Harris "is restrained from any contact" with that individual. *State's Ex.* 1.

After speaking with the woman, Officer Lantz met with Harris at the Hamilton County Community Corrections Facility, where Harris was serving a sentence imposed in another cause of action. The two met "[i]n the visitor's room inside the facility," and Harris was free to leave. *Tr.* at 7. During the conversation, Harris admitted that he had visited the woman at her place of employment and sent text messages to her. Harris further acknowledged the existence of the protective order. Harris was charged with invasion of privacy as a result of Officer Lantz's investigation.

Officer Lantz testified at Harris's probation revocation hearing, at the conclusion of which the trial court found that Harris had violated the terms of his probation. The trial court issued an order requiring Harris to serve the previously suspended sentence in jail. Harris now appeals.

**DISCUSSION AND DECISION**

We begin with the premise that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, probationers do not receive the same constitutional rights that defendants receive at trial. *Reyes v. State*, 868 N.E.2d 438, 440

3

(Ind. 2007). The due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution. *Id*. Indeed, Indiana Evidence Rule 101(c)[2] provides that the Indiana Rules of Evidence do not apply in probation proceedings. As such, "courts may admit evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial." *Garden v. State*, 873 N.E.2d 160, 163 (Ind. Ct. App. 2007). "[C]ourts in probation revocation hearings may consider any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated. *Prewitt*, 878 N.E.2d at 188. In a sense, all probation requires "strict compliance" because probation is a matter of grace, and once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly. *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008). If the probationer fails to do so, then a violation has occurred. *Id*. But even in the face of a probation violation, the trial court may nonetheless exercise its discretion in deciding whether to revoke probation. *Id*. (citing *Clark Cnty. Council v. Donahue*, 873 N.E.2d 1038, 1039 (Ind. 2007) ("The probationary scheme is deliberately designed to give trial judges the flexibility to make quick, case-by-case determinations.").

Probation and community corrections programs serve as alternatives to commitment to the Department of Correction, and placements in both are made at the sole discretion of

---

[2] We cite to the subsection of the rule applicable at the time of the proceedings, acknowledging that the rule was recently modified.

the trial court. *Id*. Violation determinations and sanctions are reviewed for abuse of discretion. *Woods*, 892 N.E.2d at 639. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013). We consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Woods*, 892 N.E.2d at 639-40 (citing *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995)). If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id*. at 640.

Harris contends on appeal that the trial court committed fundamental error by considering Harris's admissions to Officer Lantz, which were made without the benefit of *Miranda* warnings. Probation revocation is governed by Indiana Code section 35-38-2-3. A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven by only a preponderance of the evidence. *Id*. Harris frames the issue as one involving fundamental error because Harris failed to object on those grounds or any other grounds to the admission of that evidence.

Fundamental error is a narrow exception intended to place a heavy burden on the defendant. It requires the defendant to establish that the misconduct "[made] a fair trial impossible or constitute[d] clearly blatant violations of basic and elementary principles of due process" or that the misconduct "present[ed] an undeniable and substantial potential for harm." *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002); *accord Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). This exception is available only in egregious circumstances.

5

*Malloch v. State*, 980 N.E.2d 887, 904 (Ind. Ct. App. 2012) (citing *Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010)). For the following reasons, we find that Harris has failed to meet his burden of establishing that application of the exception is warranted here.

In *Grubb v. State*, 734 N.E.2d 589, 593 (Ind. Ct. App. 2000), *trans. denied*, a panel of this court held as a matter of first impression that statements made by a defendant in violation of *Miranda* were properly admitted in that defendant's probation revocation proceeding. Because the protection against self-incrimination found in the Fifth Amendment applies only to criminal cases, and probation revocation proceedings are civil actions, statements obtained in violation of *Miranda* are properly admitted at probation revocation proceedings. *Id.* "Because the determination that a condition of probation has been breached is not an adjudication of guilt, a defendant is not endowed with all the rights he possessed prior to his conviction." *Henderson v. State*, 544 N.E.2d 507, 512 (Ind. 1989).

Furthermore, the exception to the rule announced in *Grubb* does not apply under the facts presented here. In *Plue v. State*, 721 N.E.2d 308, 310 (Ind. Ct. App. 1999), we held that the exclusionary rule applies in a probation revocation proceeding only if it appears that illegally seized evidence was obtained as a part of a continuing plan of police harassment or in a particularly offensive manner. None of those factors are present here.[3]

Additionally, assuming *arguendo,* that Harris's statements were erroneously

---

[3] Because probation revocation proceedings are civil in nature and *Miranda* applies to custodial interrogation in criminal proceedings, we need not reach Harris's contention that he was in custody when questioned by Officer Lantz. Even statements made in contravention of *Miranda* are admissible in probation revocation proceedings. *Grubb*, 734 N.E.2d at 59. Whether Harris was in custody would be relevant, however, in determining whether his admissions should be excluded in the criminal trial on the charges relating to invasion of privacy, however. *See id*. at 592 n.2.

admitted, such error was harmless. "Moreover, '[a]ny error in the admission of evidence is not prejudicial, and [is] therefore harmless, if the same or similar evidence has been admitted without objection or contradiction.'" *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012) (quoting *McCovens v. State*, 539 N.E.2d 26, 30 (Ind. 1989)). Officer Lantz testified about her conversation with the protected individual concerning Harris's violations of the no contact order, more specifically, that Harris had texted her and visited her place of employment. Officer Lantz also obtained a copy of the no contact order from her. "Moreover, '[a]ny error in the admission of evidence is not prejudicial, and [is] therefore harmless, if the same or similar evidence has been admitted without objection or contradiction.'" *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012) (quoting *McCovens v. State*, 539 N.E.2d 26, 30 (Ind. 1989)). The error if any, was harmless error such that reversal was not required and consequently does not rise to the level of fundamental error.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.