**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Mar 18 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS HANKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1305-CR-234 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1209-FC-1476

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Dennis Hankins appeals his conviction for class C felony attempted burglary, arguing that the evidence is insufficient to support his conviction. We affirm.

Our standard of review is well settled:

> [When] reviewing the sufficiency of the evidence needed to support a criminal conviction[,] ... we neither reweigh evidence nor judge witness credibility. We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.

*Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008) (citations omitted).

To convict Hankins of attempted burglary, the State was required to prove beyond a reasonable doubt that he knowingly attempted to break and enter the structure of Wal-Mart with the intent to commit a felony in it and engaged in a substantial step toward committing the burglary by cutting or sawing the padlock on the structure. Appellant's App. at 121; Ind. Code §§ 35-43-2-1 (burglary); 35-41-5-1 (attempt).

Hankins's sole challenge to the evidence is that the fenced area here should not be considered a "structure" within the meaning of the burglary statute. The place that Hankins attempted to break and enter was referred to by Wal-Mart employees as the battery cage, because it was used to store batteries, oil, and tires. The battery cage was bounded on two sides by the Wal-Mart building and was completely fenced in on the other two sides. The fence was composed of chain link, reinforced with vinyl slats so that people cannot see into the area unless they get up close and look through the cracks. Also, the battery cage was roofed, and the fence extended from the ground to the roof. The gate was padlocked and was attached to a silent alarm system, so that if the door was moved, the alarm would alert the

police.  On the night of the burglary, the door was padlocked and the alarm was set.  The alarm alerted police, and they found Hankins standing by the battery cage door.  When he saw the officers, he jumped in his car and drove off.  He crashed his car, fled on foot, and was caught and arrested.  Police found bolt cutters and burglary tools in Hankins's car.

In *Joy v. State*, 460 N.E.2d 551, 558-59 (Ind. Ct. App. 1984), this Court held that a fence surrounding a lumber yard was a structure within the meaning of the burglary statute because its purpose was clearly for protecting property within its confines and it was an integral part of a closed compound.  Our supreme court relied on *Joy* in concluding that a fence surrounding a junk yard was a structure as contemplated by the burglary statute. *McCovens v. State*, 539 N.E.2d 26, 29 (Ind. 1989).[1]

Hankins concedes that under *McCovens*, the fence that enclosed the battery cage is a structure within the meaning of the burglary statute, but urges us to adopt the reasoning of Justice DeBruler's dissent in *McCovens*.  This Court is bound by our supreme court's decisions and has no authority to overrule or disregard any decision of that court. *In re Petition to Transfer Appeals*, 202 Ind. 365, 376, 174 N.E. 812, 817 (1931).  The precedent our supreme court establishes is binding upon us until it is changed either by that court or by legislative enactment. *Id*.  We decline to criticize existing caselaw.  Accordingly, we affirm Hankins's conviction.

---

[1]  Later, in *Gray v. State*, 797 N.E.2d 333, 335 (Ind. Ct. App. 2003), this Court concluded that the fence surrounding an auto repair lot was a structure for purposes of the burglary statute.

Affirmed.

BAKER, J., and NAJAM, J., concur.