**Leonard BURDINE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1183 S 392.**

Supreme Court of Indiana.

May 15, 1985.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellant.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns Supp.1984) and was sentenced to fifteen (15) years imprisonment. His direct appeal presents two issues for our review, as follows:

(1) Whether the trial court erred in denying his motion for mistrial;

(2) Whether the trial court erred in giving three of the final instructions tendered by the State.

The record discloses that on November 3, 1982, at approximately 7:45 p.m., police responded to an alarm at a building at 1918 S. Michigan Street, South Bend, Indiana, which housed an insurance business on the ground floor and an apartment on the upper floor. Upon arriving, Officer Young observed the Defendant inside the building on the ground floor. Several seconds later he heard noises emanating from the upper part of the building and then saw someone jump through an upstairs window onto the roof of the adjacent building and run toward Michigan Street. Officer Mumford saw Defendant hit the ground on the sidewalk facing Michigan Street. He and Officer Young immediately apprehended the Defendant.

Officer Fautz, who investigated the burglary, found that the door which connected the insurance business with the apartment had been kicked in, that the upstairs apartment had been ransacked, that the window of the apartment leading to the adjacent rooftop was broken, and that blood appeared at various places throughout the crime scene.

### ISSUE I

During the Prosecutor's direct examination of Officer Mumford, the following exchange regarding events which transpired after the officers had arrested the Defendant occurred:

"Q  Officer, did you have a conversation with him?

A   Not really. He was very uncooperative.

Q   What do you mean?

A   He really didn't want to give us his name or any statement or anything to that effect.

Q   He wasn't talkative?

A   Correct."

At this point, Defendant moved for a mistrial, arguing that Officer Mumford had improperly commented upon the Defendant's Fifth Amendment right to remain silent. Following a hearing on the motion outside the presence of the jury, the trial court denied the mistrial motion but ordered the testimony stricken from the record. The court also offered to admonish the jury; however, defense counsel stated that he preferred no admonishment because to admonish the jury would only call further attention to the matter.

The State concedes that the comment by Mumford was improper, but argues that such error was harmless beyond a reasonable doubt. *Chapman v. California*, (1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The question we must ask is whether, absent the improper comment, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty. *United States v. Hasting*, (1983) 461 U.S. 499, 510, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96, 107. In the case at bar, the Defendant was positively identified by Officer Young as the person he saw inside the insurance business. Moments later, Young saw a person jump through an upstairs window and run across the roof of the adjacent building. Officer Mumford saw the Defendant hit the ground and, along with Officer Young, apprehended him. Moreover, Defendant's fingerprints were on a piece of paper found inside the apartment, and Defendant confessed that he had been in both buildings. Upon this evidence, we find that the jury would have returned a verdict of guilty absent the police officer's improper comment. Hence, any error was harmless beyond a reasonable doubt.

Factually, this case is quite similar to *Yurina v. State*, (1985) Ind., 474 N.E.2d 93.

Therein, a police officer testified that the appellant and a co-defendant did not make any statements during an airplane trip from Utah to Indiana after their arrest. The Court observed:

"In the instant case, Officer Sibbett testified about the conversation between himself and Defendant and then generally finished his answer by stating that the defendants did not wish to provide voluntary statements regarding their case. Upon Defendant's objection, the trial judge immediately admonished the jury as follows: 'The court now rules that the answer of this witness to the last question from the State of Indiana is ordered stricken, the jury is admonished you're not to consider this witness's last answer in determining your verdict in this case or the contents of the last answer, if you remember.' Defendant Yurina did testify in his own defense in this cause and his silence was not utilized to impeach his alibi which was presented to the jury. It is apparent that there was much direct evidence presented to the jury from which they could properly find Yurina guilty beyond a reasonable doubt without regard to the comment on Yurina's failure to give a post-arrest statement to law enforcement officials. Officer Sibbitt's comment clearly was not a deliberate attempt on the part of the State to use Yurina's silence to indicate his guilt. The statement was made by the officer to finish up his testimony regarding conversations. We therefore conclude, considering the strength of the State's proof and the trial court's admonishment to the jury, that any error arising from Sibbett's comment was harmless beyond a reasonable doubt and presents no reversible error here."

474 N.E.2d at 97.

Similarly, we find that Officer Mumford's comment was not a deliberate attempt by the State to imply that the Defendant was guilty because he did not make a statement to Officer Mumford. Moreover, subsequent to his conversation with Officer Mumford, the Defendant gave

a statement to another police officer. He also testified at trial. In addition, although no admonishment was given to the jury in this case, the court did offer to do so, but, apparently for tactical reasons, defense counsel declined the offer. The trial court did not err in denying the motion for mistrial.

### ISSUE II

 Defendant argues that the trial court erred in giving three final instructions tendered by the State. With respect to instruction number 2 which informed the jury that when two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of the common design, Defendant argues that no evidence was presented to justify the giving of the instruction. He is incorrect, however, in so arguing. The record discloses that a clock radio was missing from the insurance office. It was not recovered. In addition, blood was found on various items in the apartment and the insurance office. Defendant, however, was not cut or bleeding when he was apprehended by the police. Hence, there was some evidence that a second party was involved in the crime. If there is any evidence to support the giving of an instruction, there is no error in giving it. *Wright v. State*, (1985) Ind., 474 N.E.2d 89, 92 and cases cited therein.

With respect to State's instruction number 4 which informed the jury that the State need not prove that anything was stolen or prove the kind or value of goods intended to be obtained in the burglary, Defendant contends that inasmuch as there was evidence that a clock radio had been stolen, giving instruction number 4 constituted a specific comment on the evidence and was contrary to the evidence presented. However, this argument ignores that Defendant was charged in two (2) counts. Count I charged the Defendant with burglarizing the apartment on the upper level of the building, and Count II charged him with burglarizing the insurance company on the lower level. While there was evidence that a clock radio had been stolen from the insurance company, there was no evidence that any item was taken from the apartment. Hence, with respect to Count I, the giving of the instruction was proper.

Finally, with respect to State's instruction number 1, which informed the jury of the elements of burglary as a class B felony and of burglary as a class C felony, Defendant argues that such instruction was repetitive of another instruction given by the court which included the statutory definition of burglary. He contends that repeating the elements of the crime amounted to an argument to the jury for conviction on one or both of the burglary counts.

While a trial court may not emphasize certain propositions of law in its instructions, *Coleman v. State*, (1984) Ind., 465 N.E.2d 1130, 1133, we do not agree with Defendant that the two instructions in the case at bar are so repetitive as to be an argument of the court. Moreover, in view of the substantial evidence of Defendant's guilt, we find that error, if any, was harmless.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.