Douglas W. McCOMBS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8805–CR–487.

Supreme Court of Indiana.

March 31, 1989.
Rehearing Denied June 1, 1989.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lias M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal of convictions for theft, a Class D felony, and the two additional offenses of carrying a handgun without a license and resisting law enforcement, both Class A misdemeanors. The court gave sentences of thirty-two years for the theft and one year each for the two misdemeanors, all sentences to be served concurrently. A thirty year enhancement of the felony sentence was based upon a determination of habitual offender status.

The questions presented are, first, whether an instruction on flight after a crime has occurred was erroneous; second, whether the evidence of resisting law enforcement was sufficient; and third, whether the evidence of habitual offender status was sufficient.

The evidence presented at trial showed that a citizen of Indianapolis drove home after work at 1:00 a.m. In so doing, he noticed a number of police cars clustered together in his neighborhood. Testimony disclosed that they had been engaged in a narcotics arrest. He continued on to his house only to discover that it had been broken into and several of his guns, including a pistol, stolen. Recalling the police foray in the neighborhood, he got back in his truck, returned to where he had seen the police, approached Officer Arkins who was seated in his patrol car filling out a police report, and told him of his misfortune. Arkins went to the house with him; and then Arkins recalled having responded earlier to a call for assistance from Sector Patrol Sergeant Thomas, who was having difficulty arresting a man carrying some guns. Arkins radioed and determined that Thomas was still in the neighborhood. He then drove the victim a few blocks away where he identified several of his guns. He was driven several more blocks where, in an alley, he identified his pistol.

In the earlier incident, Sergeant Thomas was seated in a patrol car parked in the same neighborhood several blocks from where the narcotics foray had occurred and a like distance from where the break-in occurred, when he was approached by a man who inquired whether the officer had seen someone walk by with guns under his coat. He looked up and saw a man "a hundred yards or so away" carrying something. Thomas approached him on foot, placed a hand on the man's shoulder and said stand still, talk to me I've got to know about these guns. The man hit Thomas in the chest, knocking him to the ground. The man then ran. A chase through the neighborhood followed which ended when appellant was seized while situated prone on the ground next to the foundation of a house. The stolen pistol was also on the ground next to the foundation.

■ The defense tendered an instruction on the subject of evidence of flight from a crime scene and objected to the court's instruction on the same subject. The tendered instruction was refused and the objection overruled. The challenged instruction was:

The flight of a person immediately after the commission of a crime, though not proof of guilt, is evidence of consciousness of guilt and thus of guilt itself and is a circumstance which may be considered by you in connection with all the other evidence to aid you in determining the question of guilt or innocence.

Appellant contends that this instruction violates the rule which condemns instructions which unduly emphasize a particular phase of a case, *Burdine v. State* (1985), Ind., 477 N.E.2d 544, and was erroneous wherein it employed the phrase, "evidence of consciousness of guilt." Instructions of this class which do not mandate or dictate the weight or value of evidence of flight have been declared consistent with the "no undue emphasis" rule. *James v. State* (1976), 265 Ind. 384, 354 N.E.2d 236. The challenged phrase, "evidence of consciousness of guilt," when employed in such instructions, tends to ameliorate any harshness to the benefit of the accused by suggesting the possibility that a consciousness of guilt is a general one or one having its source in events unrelated to the charged crime. The instruction was not deficient as contended.

■ Appellant next contends that the verdict of guilty of resisting law enforcement is not supported by sufficient evidence. A charge brought pursuant to I.C. 35–44–3–3(a)(3) requires proof that the accused knowingly fled from a law enforcement officer, after the officer had identified himself by visible or audible means and given an order to stop. Appellant contends that there is insufficient evidence that Sergeant Thomas identified himself. In resolving this question, we do not weigh evidence nor resolve credibility questions, but look to the evidence and reasonable

inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657; *Turner v. State* (1972), 259 Ind. 344, 287 N.E.2d 339.

Sergeant Thomas testified that he was parked in his "patrol car" at night at least one hundred yards away from appellant. Thomas got out and approached appellant on foot on the street. Several guns were standing in a nearby doorway. Thomas asked him why he was in possession of the guns. Appellant struck him and ran.

There was no evidence that Thomas orally identified himself at the time. Consequently the State suggests that the identification was a visual one in that Thomas appeared before appellant at the time in uniform and in a marked police car. There is, however, no testimony that Thomas was in a police uniform or displayed a badge. There is no testimony describing the appearance of his car. The State posits that the official appearance of Thomas may properly be inferred from Thomas's testimony that his vehicle was a "patrol car" and that he was at the time on patrol. We believe that there is no evidence here from which a reasonable jury could infer that Thomas identified himself as a police officer. The most that is shown here is that Thomas was engaged in his official duties and was using a police car. Even if the car were deemed to be marked, there is no evidence to show it was parked within the view of appellant. This evidence is not sufficient to prove an essential element of the charge of resisting.

The final claim on appeal is that the evidence serving to identify appellant as a habitual criminal was wholly insufficient to support the jury verdict on that status question. A criminal defendant may be given a sentence for a felony which is enhanced by thirty years if the state pleads and proves that he has accumulated two prior unrelated felony convictions. I.C. 35-50-2-8. In order to do so, the State must show that the second offense was committed after sentencing upon the first and that the principal offense upon which the enhanced punishment is being sought was committed after sentencing upon the second. *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339; *Clark v. State* (1985), Ind., 480 N.E.2d 555. The evidence presented shows a conviction for first degree burglary on September 5, 1975 and a conviction for burglary in November, 1978. The instant theft occurred in December, 1986. The evidence presented by the State does not disclose precisely when the burglary resulting in conviction in 1978 was committed. There is no way, therefore, to discern if the prior felony convictions meet the statutory criteria. *Jordan v. State* (1987), Ind., 510 N.E.2d 655. The State concedes as much.

The conviction for carrying a handgun without a license is affirmed. The conviction for resisting a law enforcement officer is reversed. The conviction for theft is affirmed; however, the determination of habitual offender status is reversed and the case remanded to the trial court with instructions to expunge the thirty year enhancement of the sentence for theft and to resentence appellant for theft according to the theft statute.

SHEPARD, C.J., and DICKSON, J. concur.

GIVAN, J., dissenting in part and concurring in part with separate opinion, in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting in part and concurring in part

I respectfully dissent from the majority opinion in its determination that the State failed to present sufficient evidence that appellant was guilty of resisting law enforcement.

The majority takes the position that there was no evidence that the arresting officer, Sergeant Thomas, was in uniform or in a marked car, or properly identified himself as a police officer to appellant be-

fore appellant struck him and fled. However, the majority opinion correctly states the fact that Sergeant Thomas was seated in a patrol car parked at the curb when he was approached by a man who inquired as to whether the officer had seen someone walk by with guns under his coat.

I would take the position that this evidence presented to the jury permitted them to draw the inference that the man who approached the officer did so because it was apparent that Sergeant Thomas was in fact a police officer. Had Sergeant Thomas been in plainclothes in an unmarked car, it is highly unlikely that he would have been approached by a citizen to report a crime.

This Court has repeatedly stated, as does the majority in this case, that we must evaluate the evidence in the light most favorable to the jury's verdict. There is absolutely no evidence in this record that Sergeant Thomas was not in uniform or was not in a marked patrol car. An inference to the contrary was entirely reasonable in view of the evidence placed before the jury. I would affirm appellant's conviction of resisting law enforcement.

I concur with the majority in all other respects.

PIVARNIK, J., concurs.