Clinton CARDEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0608–CR–700.

Court of Appeals of Indiana.

Sept. 12, 2007.

Karen Celestino–Horseman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Clinton Carden ("Carden") appeals the revocation of his probation for entering within two blocks of a daycare center. Because the only evidence used to prove that Carden entered within two blocks of a daycare center does not have a substantial guarantee of trustworthiness and the error in admitting the evidence is fundamental, we reverse the revocation of Carden's probation.

### Facts and Procedural History

In 2001, Carden pled guilty to one count of child molesting as a Class B felony, and the trial court sentenced him to ten years with four years suspended to probation. The conditions of Carden's probation included, among others:

12. Unless authorized, you shall maintain a single, verifiable residence within Marion County. Any change of address must be approved by Probation....

\*     \*     \*     \*     \*     \*

15. You shall not reside within one thousand (1,000) feet of school property in accordance with IC 35–38–2–2.2 and IC 35–41–1–24.7 which includes any state licensed child care home, center or ministry.

\*     \*     \*     \*     \*     \*

17. You shall not be present at nor enter within two blocks of any parks, schools, playgrounds, daycare centers, or other specific locations where chil-

dren are known to congregate.[1]
Appellant's App. p. 58.

Carden reported his address to his probation officer, Patrick Jarosh ("Jarosh"), as 2830 South Line [2] ("the South Line address") in Marion County. Carden later asked Jarosh to check his girlfriend's address, which was 5709 Barnett Lane ("the Barnett address"), because he wanted to move in with her. Jarosh ran a computer check on the Barnett address using "a mapping system" and told Carden that he could not move there because the mapping system showed that the address was within two blocks of a daycare center. Tr. p. 35.

On June 19, 2006, Jarosh conducted two field visits to the South Line address, and Carden was not there either time. Carden's roommate and his girlfriend were there with the girlfriend's children, and the presence of the children greatly concerned Jarosh. Carden was also not at the South Line address when Jarosh conducted a third field visit there on June 20. On the evening of June 20, Jarosh finally located Carden at one of Carden's counseling sessions. Carden told Jarosh that he had not been at the South Line address because he had spent one night with his girlfriend at the Barnett address and one night with a friend.

On June 26, 2006, the State filed a Notice of Probation Violation against Carden alleging that he:

1. has failed to maintain a single, verifiable address.

2. has failed to refrain from entering within two blocks of a daycare center.

Appellant's App. p. 65. Following a hearing, the trial court concluded that Carden violated his probation by "fail[ing] to maintain a single verifiable address" and by "stay[ing] within two blocks of a daycare center." Tr. p. 46. As such, the court revoked Carden's probation and ordered him to serve his previously suspended four-year sentence. Carden now appeals.

### Discussion and Decision

■ Carden contends that the trial court erred in revoking his probation for several reasons, one of which we find dispositive. That is, Carden argues that the trial court erred by admitting Jarosh's testimony about the mapping system—which was the only evidence used to show that the Barnett address was within two blocks of a daycare center—because it "lacked any indicia of reliability." Appellant's Br. p. 12. Because Carden did not object to

---

1. In his reply brief, Carden points out that this Court recently found that a similar probation condition was vague and therefore remanded the case to the trial court for clarification. *See McVey v. State,* 863 N.E.2d 434, 449–50 (Ind.Ct.App.2007), *reh'g denied, trans. denied.* However, Carden did not challenge the vagueness of this probation condition in his appellant's brief; therefore, we do not address the issue on appeal. *See Chupp v. State,* 830 N.E.2d 119, 126 (Ind.Ct.App.2005) ("An issue not raised in an appellant's brief may not be raised for the first time in a reply brief.").

2. Much of Carden's argument on appeal focuses on his reported address. On appeal,

Carden claims that he lived at "2830 South Lyons," not "2830 South Line." In support, Carden points to pages in the probation revocation hearing transcript where his address is spelled "Lyons." Tr. p. 35, 36, 39. However, at other places in the transcript it is spelled "Lion" and even "Lyones." *See id.* at 31, 32, 38. We find that any variations in the spelling of Carden's reported address in the transcript are due to either the testifying witness' articulation of the address or the court reporter's transcription and that all three spellings reference the same place. Therefore, we do not address any of Carden's arguments on appeal involving the discrepancies in his reported address.

Jarosh's testimony, he claims that it constitutes fundamental error.[3]

■ There is no right to probation. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied.* Trial courts have "discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated." *Id.* Accordingly, probationers do not receive the same constitutional rights that defendants receive at trial. *Id.* "The due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution." *Id.* As such, "courts may admit evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial." *Id.; see also* Ind. Evidence Rule 101(c) (providing that the Indiana Rules of Evidence do not apply in probation proceedings).

■ However, "[t]his does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." *Reyes*, 868 N.E.2d at 440. In *Cox v. State*, the Indiana Supreme Court stated that courts "may consider any relevant evidence bearing some substantial indicia of reliability." 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied.* In that case, however, our Supreme Court declined to adopt a particular approach to determining that reliability. *Reyes*, 868 N.E.2d at 441 (citing *Cox*, 706 N.E.2d at 550 n. 8). In the wake of *Cox*, courts adopted two principal approaches to evaluating hearsay evidence in probation revocation hearings: (1) a bal-

ancing test and (2) whether the evidence has a substantial guarantee of trustworthiness. *Id.* In *Reyes*, our Supreme Court settled the dispute and adopted the substantial trustworthiness test. *Id.* In employing this test, "ideally [the trial court should explain] on the record why the hearsay [is] reliable and why that reliability [is] substantial enough to supply good cause for not producing `... live witnesses." *Id.* at 442 (quotation omitted).

Here, the State alleged that Carden violated his probation by entering within two blocks of a daycare center. Jarosh testified at the probation revocation hearing that he told Carden that he could not move to the Barnett address because the mapping system showed that the address was within two blocks of a daycare center but that Carden later admitted to spending the night at the Barnett address. Carden did not object to this testimony. During his testimony, Jarosh did not identify the mapping system or provide any other information about the system. Jarosh explained that because of the information derived from the mapping system, it was not "necessary" for him to drive by the Barnett address for verification purposes. Tr. p. 35. As such, there was no other evidence presented at the hearing that the Barnett address was within two blocks of a daycare center.

On appeal, Carden argues that Jarosh's testimony about the mapping system lacks "any indicia of reliability"[4] because:

---

**3.** We note that the State did not adequately address this issue—which we find to be dispositive—in its brief. Although the State set forth the basic standard for fundamental error—that the error must be so prejudicial to the defendant's rights as to make a fair trial impossible—and conceded that the testimony concerning the mapping system was indeed prejudicial, it ultimately concluded that there

was no fundamental error because "Carden made no objection to this evidence at the trial court." Appellee's Br. p. 6. However, this is the very nature of fundamental error; the standard is typically applied when there is no objection at trial.

**4.** We point out that Carden's brief was filed before our Supreme Court's opinion in *Reyes*.

First, the mapping system was never identified by maker, technology nor name. Secondly, there was absolutely no evidence indicating the frequency of updating the mapping system. The State made no showing that the information contained within the mapping system was current as of the time of the alleged probation violation. Third, there was no testimony that the mapping system verified that the daycare systems located within the system were licensed as set forth in the terms of the plea agreement.[5] Fourth, there was no testimony regarding the source and reliability of the information allegedly utilized by the mapping system.

Appellant's Br. p. 12.

We conclude that Jarosh's testimony about the mapping system does not have a substantial guarantee of trustworthiness. In reaching this conclusion, we highlight that the State did not allege that Carden violated his probation by not following Jarosh's instructions that he could not move to the Barnett address; rather, the State alleged that Carden violated his probation by entering within two blocks of a daycare center. And the only evidence that the State presented on this point was that some unidentified "mapping system" showed that there was some unnamed daycare center within two blocks of that address. No evidence was presented regarding such basic things as the name and manufacturer of the mapping system, how the mapping system works, how often the mapping system is updated, and whether the alleged daycare center—which Jarosh did not know the name of—was still in business when Carden spent the night at the Barnett address. Because Jarosh's

testimony regarding the mapping system does not have a substantial guarantee of trustworthiness, the trial court erred by admitting it. *See J.J.C. v. State*, 792 N.E.2d 85, 87–88 (Ind.Ct.App.2003) (concluding that court erred in finding that juvenile violated probation because the daily activity printouts from the electronic surveillance monitor—the only evidence used to prove that particular probation violation—did not bear a substantial indicia of reliability where State did not present evidence that the monitor was reliable, set up correctly, and functioning properly). But is the error fundamental?

■ Fundamental error is error that constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Mathews v. State*, 849 N.E.2d 578, 587 (Ind.2006). The error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Ritchie v. State*, 809 N.E.2d 258, 273 (Ind.2004), *reh'g denied*. Although the evidentiary rules are relaxed in probation revocation proceedings, defendants still have due process rights. Here, the *only* evidence used to revoke Carden's probation was Jarosh's testimony that some unidentified mapping system showed that the Barnett address was within two blocks of some unnamed daycare center. And there was no information that the daycare was even in business when Carden spent the night at the Barnett address. The error in admitting Jarosh's testimony is so prejudicial to Carden's rights as to make a fair trial impossible. Without Jarosh's testimony, there is simply no evidence to show that Carden entered within two blocks of a daycare

---

5. We note that the probation condition prohibiting Carden from being present within two blocks of a daycare center, condition # 17, does not require the daycare center to be licensed. Instead, probation condition # 15, which the State did not allege that Carden violated, prohibits living within 1000 feet of licensed daycare centers.

center. We therefore reverse the revocation of Carden's probation and sentence imposed thereon.[6]

Reversed.

ROBB, J., and BRADFORD, J., concur.

---

**6.** Although the State also alleged, and the trial court found, that Carden violated his probation by failing to "maintain a single, verifiable residence" by spending two nights away from his reported address, we decline to find on the record before us that spending the night away from home on two occasions equates to not maintaining a single, verifiable residence.