**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MATTHEW RAMSEY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1308-CR-704 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
The Honorable Jason A. Childers, Judge Pro Tempore
Cause No. 48C01-0809-FB-537
Cause No. 48C01-1209-FD-1803

**March 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Matthew Ramsey ("Ramsey") was convicted in Cause FB-537 ("FB-537") of Child Molesting, as a Class B felony,[1] and in Cause FD-1803 ("FD-1803") of Failure to Register as a Sex Offender, as a Class D felony.[2] Ramsey was subsequently found to have violated the terms of probation ordered in both cases, as well as the requirements of work release in FD-1803. His work release placement and probation were thereafter revoked.

Ramsey now appeals. We affirm.

**Issue**

Ramsey raises two issues for our review. We consolidate these into a single issue: whether the trial court fundamentally erred when it revoked Ramsey's probation after limiting the time available for Ramsey to provide testimony upon redirect examination, where Ramsey did not object to the limitation of time, seek a continuance, or attempt to offer additional testimony.

**Facts and Procedural History**

On January 16, 2009, in FB-537, Ramsey and the State entered into a plea agreement under which Ramsey agreed to enter a plea of guilty to a single count of Child Molesting, as a Class B felony. Pursuant to the agreement, the State recommended that Ramsey receive ten years imprisonment, with four years suspended to probation. The trial court agreed with the State, and on February 27, 2009, the court entered a judgment of conviction against Ramsey

---

[1] Ind. Code § 35-42-4-3(a).

[2] I.C. § 11-8-8-17(a).

and sentenced him according to the State's request. The terms of Ramsey's probation required that he participate in a sex offender treatment program approved by the probation department, with all treatment recommendations, and provide verification of his compliance.

Ramsey was released from the Department of Correction to probation on September 8, 2011. On August 20, 2012, the State filed a notice of probation violation, alleging that Ramsey had failed to comply with the treatment program and financial requirements of his probation. A probation revocation hearing was conducted on October 1, 2012, at the end of which the trial court found Ramsey to have violated the terms of his probation. The court ordered Ramsey to serve as executed time in the Madison County Jail ninety days of the suspended sentence. On October 3, 2012, Ramsey was readmitted into the sex offender treatment program.

On September 26, 2012, during the pendency of the first probation revocation proceeding, Ramsey was charged in FD-1803 with Failure to Register as a Sex Offender, as a Class D felony. Ramsey pled guilty to this charge on January 7, 2013, and on February 25, 2013, he was sentenced to three years imprisonment, with two years to be served at the Madison County Work Release Center and one year suspended to probation.

Ramsey entered into work release on February 26, 2013. On June 18, 2013, the State filed a petition seeking to terminate Ramsey's work release placement for violation of several provisions of the terms of his work release, including failure to turn in work verification, refusal to cooperate, possession of contraband, failure to report whereabouts, and excessive absence from the work release facility. On June 24, 2013, the petition was amended to allege

that Ramsey had been arrested on an outstanding warrant and that he was in arrears on payments for work release fees. On June 28, 2013, the State sought revocation of the probation in FD-1803 and alleged that Ramsey had violated the terms of his probation by failing to complete both a sex offender treatment program and the work release portion of his sentence.

On July 10, 2013, the State filed a notice of violation of suspended sentence in FB-537, alleging that Ramsey had failed to complete sex offender treatment.

A hearing on revocation of Ramsey's work release placement and probation was conducted on July 15, 2013. During the hearing, the parties called witnesses and Ramsey testified on his own behalf. During the State's cross-examination of Ramsey, the trial court stated that examination of Ramsey could only continue for five more minutes. Ramsey's trial counsel did not object and did not attempt to conduct a re-direct examination of Ramsey. The parties proceeded to closing argument.

At the end of the hearing, Ramsey's probation was revoked in both FB-537 and FD-1803, and he was ordered to serve as executed time the full terms of imprisonment in both causes, with the sentence in FD-1803 to be served consecutively to that in FB-537.

This appeal ensued.

**Discussion and Decision**

Ramsey raises a single issue for our review: whether the trial court's decision, which revoked his probation and work release placement in Causes FB-537 and FD-1803, was fundamentally erroneous because the trial court did not permit examination of Ramsey to

4

continue for more than five minutes after a certain point in the State's cross-examination, and Ramsey's attorney did not object, seek a continuance, or attempt to offer further evidence.

Whether to revoke a defendant's probation is within the sole discretion of the trial court. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). We review such decision for an abuse of discretion. Id. We consider only the evidence most favorable the judgment, and do not reweigh evidence or reassess the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated the terms of probation, we will affirm the decision to revoke probation. Id. Where, as here, we consider the revocation of placement in a community corrections program like work release, we use the same standard as we do in reviewing the revocation of probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999).

A defendant is not entitled to probation or placement in a community corrections program. Cox, 706 N.E.2d at 549. Such placement "is a matter of grace and a conditional liberty that is a favor, not a right." Id. (citations and quotations omitted).

Probationers are not entitled to the full array of constitutional rights afforded to defendants at trial, but they are entitled to "procedural and substantive limits on the revocation of the conditional liberty created by probation." Woods, 892 N.E.2d at 639 (citations and quotations omitted). In a probation revocation proceeding, due process requires, at minimum, "(a) written notice of the claimed violations of probation; (b) disclosure of the evidence []; (c) an opportunity to be heard and present evidence; (d) the

5

right to confront and cross-examine witnesses; and (e) a neutral and detached hearing body."

Id.

Here, Ramsey argues that the trial court's decision during the State's cross-examination to limit further testimony from Ramsey to an additional five minutes was improper. He acknowledges that he lodged no objection to this, but contends that the limiting of time for testimony was fundamental error. "Fundamental error is error that constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." Carden v. State, 873 N.E.2d 160, 164 (Ind. Ct. App. 2007) (citing Matthews v. State, 849 N.E.2d 578, 587 (Ind. 2006)). For an error to be fundamental, it "must be so prejudicial to the rights of the defendant as to make a fair trial impossible." Id. (citing Ritchie v. State, 809 N.E.2d 258, 273 (Ind. 2004)).

Here, Ramsey testified concerning alleged violations of probation and work release requirements. The State cross-examined him. During the cross-examination the trial court interjected, "Counsel, I'm going to allow five (5) more minutes for, uh, questioning." (Tr. at 86.) The State acknowledged this; Ramsey did not object or request a continuance. After cross-examination concluded, Ramsey did not offer additional testimony or evidence when the State concluded its questioning:

> [STATE]: No further questions, Your Honor.
>
> [RAMSEY]: No other questions.
>
> [COURT]: Any additional evidence?

6

[RAMSEY]:  No, Your Honor.

[COURT]:  Okay.  Argument…

(Tr. at 88-89.)

Ramsey contends that his theory during closing argument, that he lacks sophistication and ordinary levels of responsibility, was harmed by the lack of further evidence.  However, it is clear from the transcript that Ramsey had the opportunity to adduce further testimony and evidence but declined to do so.  Under these circumstances, we cannot conclude that the trial court's instruction concerning additional time for testimony fundamentally deprived Ramsey of due process.  We accordingly affirm the trial court's orders revoking his probation and work release placement in community corrections.

Affirmed.

KIRSCH, J., and MAY, J., concur.