**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 11 2014, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GERARDO NINO ROMERO**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERARDO NINO ROMERO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1208-PC-379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1201-PC-2

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Gerardo Nino Romero appeals the trial court's order denying his petition for post-conviction relief. Romero raises seven issues which we consolidate and restate as whether the post-conviction court erred in denying his petition for relief. We affirm.

FACTS AND PROCEDURAL HISTORY

On July 2, 2010, Romero pled guilty to one count of dealing in cocaine or a narcotic drug as a class A felony.[1] Romero was sentenced to twenty years executed in the Department of Correction. On January 4, 2012, Romero filed a *pro se* petition for post-conviction relief alleging that his trial counsel rendered ineffective assistance by failing to review or to challenge the arrest of a co-perpetrator named Leonard Lashley. The petition also raised claims that a search warrant was improperly issued and that Romero was convicted on the basis of fruit of the poisonous tree obtained from Lashley's arrest.

On January 19, 2012, the State filed an answer to Romero's petition for post-conviction relief. On March 7, 2012, the State moved to require the case to be submitted by affidavit. On March 13, 2012, pursuant to Indiana Post-Conviction Rule 1(9)(b), the court granted the State's motion to submit by affidavit. On April 12, 2012, Romero filed a memorandum of law in support of his petition for post-conviction relief. On April 25, 2012, Romero submitted his case by affidavit. On July 6, 2012, the State filed its response to Romero's affidavit. On July 9, 2012, the court entered an order denying Romero's petition for post-conviction relief by adopting the State's response to Romero's submission as the court's findings of fact and conclusions of law.

---

[1] The record does not contain a copy of the plea agreement or the transcript of the guilty plea hearing.

On July 25, 2012, Romero filed a motion to correct error, which the court denied on August 7, 2012. On August 31, 2012, Romero filed a notice of appeal. On January 14, 2013, this court entered an order addressing Romero's attempt to pursue an appeal from the trial court's denial of his motion to withdraw his guilty plea and held that Romero's appeal was untimely and therefore this appeal "shall proceed as to only [Romero's] appeal from the trial court's July 9, 2012 order denying his petition for post-conviction relief." January 14, 2013 Order.

After multiple filings, this court granted the State's motion to dismiss the appeal and denied Romero's petition for rehearing. On February 21, 2014, Romero filed a petition to transfer, and the Indiana Supreme Court reversed the order of dismissal and remanded the case to this court for further proceedings.

DISCUSSION

Before discussing Romero's allegations of error, we note that although Romero is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review,

3

we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case adopted the State's response to Romero's submission as the court's findings of fact and conclusions of law, and Romero does not challenge the court's adoption of the State's response. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law.[2] Id.

The issue is whether the post-conviction court erred in denying Romero's petition for relief. Romero argues that he was not in possession of the cocaine because Lashley possessed the cocaine. He asserts that had his trial counsel filed a motion for dismissal, "the trial court would have granted that motion, there being no evidence, [he] would have not pled guilty, and the state does not have evidence and should have not gone forth with charge, nor plea, vindictive/selective prosecution procuring a conviction at all cost." Appellant's Brief at 12. Romero appears to contend that he did not enter into the plea agreement knowingly, voluntarily, and intelligently because he was not fluent in English. He asserts that his counsel denied him access to a translator and told him that he was a drug dealer and that he had to plead guilty or go to prison for seventy years. He appears to argue that there was no

---

[2] In his reply brief, Romero appears to argue that the post-conviction court erred by failing to hold an evidentiary hearing. Romero did not raise this issue in his appellant's brief. Therefore, we do not address this argument. See Carden v. State, 873 N.E.2d 160, 162 n.1 (Ind. Ct. App. 2007) (holding that an issue not raised in an appellant's brief may not be raised for the first time in a reply brief).

4

probable cause for a search warrant on his family residence. He also argues that he was denied the right to withdraw his guilty plea as was necessary to correct the manifest injustice that there was no evidence to convict him for dealing.

The State argues that Romero failed to submit evidence in support of his petition, failed to show clear error in the post-conviction court's findings, and waived his claims. The State also contends that Romero's assertion that his trial counsel failed to do any factual investigation and legal analysis cannot be made from Romero's personal knowledge because there was no evidence indicating that Romero was continuously present with his trial counsel during the pendency of the case. And the State further asserts that Romero's claims of his trial counsel's statements were inadmissible hearsay and that in any event the post-conviction court would have been entitled to note that Romero never explained how he understood trial counsel's threats or advice to plead guilty without an interpreter. To the extent that Romero fails to put forth a cogent argument or cite to the record and to the extent he raises freestanding claims, these arguments are waived. See, e.g., Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); Lambert v. State, 743 N.E.2d 719, 726 (Ind. 2001) (holding that post-conviction procedures do not provide a petitioner with an opportunity to present freestanding claims that contend the original trial court committed error), reh'g denied, cert. denied, 534 U.S. 1136, 122 S. Ct. 1082 (2002); Neville v. State, 663 N.E.2d 169, 172 (Ind. Ct. App. 1996) ("By pleading guilty to the charging information, Neville conceded that he committed the crimes and waived his right to

5

challenge the pre-trial rulings of the trial court.").

To the extent that Romero develops a cogent argument and contends that his trial counsel was ineffective, we observe that to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668, 687-696, 104 S. Ct. 2052, 2064-2069 (1984), reh'g denied). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. French, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Morgan v. State, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Williams v. State, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics

6

will not support a claim of ineffective assistance of counsel. Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996), reh'g denied, cert. denied, 520 U.S. 1171, 117 S. Ct. 1438 (1997). "Reasonable strategy is not subject to judicial second guesses." Burr v. State, 492 N.E.2d 306, 309 (Ind. 1986). We "will not lightly speculate as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." Whitener v. State, 696 N.E.2d 40, 42 (Ind. 1998).

Because Romero was convicted pursuant to a guilty plea, we must analyze his claims under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura categorizes two main types of ineffective assistance of counsel cases. The first category relates to "an unutilized defense or failure to mitigate a penalty." Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing Segura, 749 N.E.2d at 507), trans. denied. With respect to this category, the Court held that "in order to establish that the guilty plea would not have been entered if counsel had performed adequately, the petitioner must show that a defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding." Segura, 749 N.E.2d at 499. The Court also held that "in the case of claims related to a defense or failure to mitigate a penalty, it must be shown that there is a reasonable probability that a more favorable result would have obtained in a competently run trial." Id. at 507.

The second category relates to "an improper advisement of penal consequences," and this category has two subcategories: (1) "claims of intimidation by exaggerated penalty or enticement by an understated maximum exposure;" or (2) "claims of incorrect advice as to

7

the law." Id. With respect to this category, the Court in Segura concluded:

> [I]n order to state a claim for postconviction relief a petitioner may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. To state a claim of prejudice from counsel's omission or misdescription of penal consequences that attaches to both a plea and a conviction at trial, the petitioner must allege, in Hill's terms, "special circumstances,"[3] or, as others have put it, "objective facts"[4] supporting the conclusion that the decision to plead was driven by the erroneous advice.
>
> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. Nevertheless, . . . a petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill[ v. Lockhart, 474 U.S. 52,] 59, 106 S. Ct. 366 [(1985)].
>
> * * * * *
>
> [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

Id.

Based upon our review of the search warrant affidavit, affidavit for probable cause, and supplementary offense report and in light of Romero's arguments, we cannot say that

---

[3] Hill [v. Lockhart, 474 U.S. 52, 60, 106 S. Ct. 366 (1985)].
[4] McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996); State v. Donald, 198 Ariz. 406, 10 P.3d 1193, 1201 (Ct. App. 2000)[, review denied, cert. denied, 534 U.S. 825, 122 S. Ct. 63 (2001)].

trial counsel was ineffective for failing to file a motion to dismiss.  With respect to Romero's other claims, including that he was not fluent in English, we observe that Romero does not point to the transcript of his guilty plea hearing or indicate that he provided the post-conviction court with this transcript, and he did not provide the post-conviction court with an affidavit from his trial counsel.  Under the circumstances, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.  See Tapia v. State, 753 N.E.2d 581, 588 n.10 (Ind. 2001) ("It is practically impossible to gauge the performance of trial counsel without the trial record, as we have no way of knowing what questions counsel asked, what objections he leveled, or what arguments he presented.").

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of Romero's petition for post-conviction relief.

Affirmed.

BARNES, J., and BRADFORD, J., concur.