## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2020, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dominic Jones,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 17, 2020

Court of Appeals Case No.
19A-CR-1693

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1709-F6-912

**May, Judge.**

[1] Dominic Jones appeals the revocation of his probation. He raises two issues, which we restate as: (1) whether the hearsay evidence admitted at Jones'

probation revocation hearing was substantially trustworthy; and (2) whether the State presented sufficient evidence to support revocation. We affirm.

## Facts and Procedural History

[2] Pursuant to a plea agreement, Jones pled guilty to Level 6 felony domestic battery[1] on March 26, 2018. On April 24, 2018, the trial court entered judgment of conviction and sentenced Jones to a term of thirty months, with twelve months executed and the remaining eighteen months suspended. The trial court also placed Jones on probation for a period of twelve months. A term of Jones' probation required that he not violate any laws.

[3] At approximately 2:45 a.m. on February 11, 2019, LaPorte County Sheriff Deputy Slawek Czupryna received a dispatch regarding suspicious activity at a trailer park in Westville, Indiana. While on his way to the trailer park, Deputy Czupryna learned that another deputy on the scene had stopped a car, and the driver of the car told the deputy that he was there to pick up two individuals who were breaking into the cars of trailer park residents. The driver identified Jones as one of the individuals breaking into the cars. Officers found footprints in the trailer park and the footprints led them to a Casey's General Store in Westville where the officers discovered Jones. Officers also arrested Austin

---

[1] Ind. Code § 35-42-2-1.3.

Wood for breaking into vehicles at the trailer park and Wood identified Jones as his accomplice.

[4] The State charged Jones with eleven counts of theft and one count of unauthorized entry of a motor vehicle in LaPorte County, and the State filed a petition to revoke Jones' probation in the case before us. The trial court held a hearing on the State's petition to revoke Jones' probation on May 31, 2019. Deputy Czupryna was the only witness to testify at the hearing, and the following exchanged occurred during direct examination:

> [State:] And do you know if Mr. Jones admitted to breaking into the cars?
>
> [Deputy Czupryna:] At first he didn't, but he said—he mentioned that he was in the area with some other people. At first I believe he mentioned that he got into an argument with his girlfriend, or something like that.
>
> [State:] So he wasn't immediately forthcoming?
>
> [Deputy Czupryna:] No. No, he was not.
>
> [State:] But he did ultimately say, yes, I broke into the vehicles?
>
> [Deputy Czupryna:] Correct. When the pat-down search was conducted, he was found in possession of several items on his person that were later found to be stolen from the vehicles.

(Tr. Evidentiary Hearing May 31, 2019 Vol. II at 7-8.) At the conclusion of the hearing, the trial court stated:

As I see in this case from the evidence, the testimony of the officer, the officers of the Laporte Sheriff's Department were being dispatched to a trailer park on February 11, 2019 with respect to a report that a vehicle had dropped off other individuals in the trailer park and those people were going through various cars. The individuals were apprehended. The defendant was found in possession of items, although I understand the description of the items were somewhat vague. Nonetheless, I think the officer testified the items—the defendant first denied being involved in the case, but when there was a pat-down search, he was found in possession of items which had been reported stolen from the cars. He then admitted to breaking into the cars.

I think based upon that evidence the State has proven by a preponderance of the evidence its petition. As a result, the Court finds the defendant has violated the terms of probation.

(*Id.* at 15.)

[5] On June 26, 2019, the trial court issued an order revoking Jones' probation:

On the Court's finding that the defendant violated the terms of his probation the Court imposes the eighteen (18)-month sentence as an executed sentence. The defendant is given credit for thirty-six (36) days served in custody. The sentence will be consecutive to, if there is one, LaPorte County Case No. 46C01-1902-F6-000207.

(App. Vol. II at 128.)

# Discussion and Decision

# 1. Admission of Evidence

[6]     Jones argues the trial court erred in admitting Deputy Czupryna's testimony about what officers at the scene relayed to him.  Jones argues this testimony should not have been admitted because it was hearsay and not substantially trustworthy.  Generally, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion.  *Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009).  Further, Indiana Rule of Evidence 101(d) provides that, except for rules involving privileges, the Indiana Rules of Evidence do not apply in probation revocation hearings.  Nonetheless, a probationer has certain due process rights at a probation revocation hearing, which include "the right to confront and cross-examine adverse witnesses." *Woods v. State*, 892 N.E.2d 637, 649 (Ind. 2008); *see also* Ind. Code § 35-38-2-3(f) (stating probationer in revocation proceeding "is entitled to confrontation, cross-examination, and representation by counsel").  Therefore, the trial court may consider hearsay evidence at a probation revocation hearing only if the court finds the hearsay to be substantially trustworthy.  *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007), *reh'g denied*.

[7]     While Jones did object to admission of Deputy Czupryna's probable cause affidavit, Jones did not object to Deputy Czupryna's testimony at the probation revocation hearing.  The State argues Jones has therefore waived his right to challenge Deputy Czupryna's testimony on appeal.  Generally, a party's failure to make a contemporaneous objection to the admission of evidence results in waiver of the issue.  *Weedman v. State*, 21 N.E.3d 873, 881 (Ind. Ct. App. 2014),

*trans. denied*. Nonetheless, "a claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines there was fundamental error." *Id*. "Fundamental error is error that constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Carden v. State*, 873 N.E.2d 160, 164 (Ind. Ct. App. 2007). The error must be so egregious as to make a fair trial impossible. *Id*.

[8]     Deputy Czupryna testified regarding his personal involvement in the investigation of the robbery of vehicles at the trailer park and the information he learned in the course of that investigation. Additionally, Indiana Rule of Evidence 801 provides that an out-of-court statement by a party opponent is not hearsay. *See Bell v. State*, 29 N.E.3d 137, 141 (Ind. Ct. App. 2015) (holding defendant's statement to detective that he was good at "reading" people was a statement by a party opponent and therefore not hearsay), *trans. denied*. Consequently, Jones' admission that he broke into vehicles at the trailer park is not hearsay. Therefore, we hold Deputy Czupryna's testimony was substantially trustworthy, and admission of any hearsay statements contained therein did not constitute fundamental error. *See Votra v. State*, 121 N.E.3d 1108, 1116 (Ind. Ct. App. 2019) (holding statement in probable cause affidavit was substantially trustworthy to be admitted at probation revocation hearing).

# 2. Sufficiency of the Evidence

[9] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*

[10] We review a decision to revoke probation under the abuse of discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* When reviewing whether sufficient evidence supported revocation, we do not reweigh evidence or judge the credibility of witnesses. *Morgan v. State*, 691 N.E.2d 466, 468 (Ind. Ct. App. 1998). If there is substantial evidence of probative value to support concluding by a preponderance of the evidence that the defendant violated a term of probation, we will affirm. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992), *clarified on other grounds on denial of reh'g* 605 N.E.2d 1207 (Ind. Ct. App. 1993).

[11] Jones argues no evidence was produced that Jones had unauthorized control over someone else's property or that he entered someone else's vehicle without permission.[2] However, Jones admitted breaking into vehicles at the trailer park

---

[2] Jones also notes that Deputy Czupryna did not identify the Dominic Jones present at the hearing as the same Dominic Jones officers encountered in Westville on February 11, 2019. However, while not explicitly identified, it is clear from the context of Deputy Czupryna's testimony that he is talking about the defendant in this case.

when officers apprehended him. The driver of Jones' getaway vehicle and Jones' accomplice both identified Jones as one of the individuals breaking into cars at the trailer park. Jones was apprehended near the trailer park and found with items stolen from the vehicles of trailer park residents. Thus, we hold there was sufficient evidence of probative value that Jones committed a new crime to support revocation of his probation. *See Pierce v. State*, 44 N.E.3d 752, 756 (Ind. Ct. App. 2009) (holding State presented sufficient evidence probationer committed a new crime to support revocation).

# Conclusion

[12] The trial court did not commit fundamental error in allowing Deputy Czupryna to testify to information he learned in the course of his investigation. Further, the State presented evidence that Jones admitted breaking into vehicles at the trailer park, his cohorts identified him as a fellow participant, and he was found in possession of stolen items. We therefore affirm the revocation of Jones' probation.

[13] Affirmed.

Crone, J., and Pyle, J., concur.