## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2020, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leosthene Morissette,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 21, 2020

Court of Appeals Case No.
20A-CR-1352

Appeal from the Cass Superior
Court

The Honorable James K.
Muehlhausen, Special Judge

Trial Court Cause No.
09D01-1804-F2-11

**Crone, Judge.**

# Case Summary

Leosthene Morissette appeals the trial court's revocation of his probation. He contends that the trial court committed fundamental error in relying on certain hearsay evidence to support its finding that he violated his probation. Finding no fundamental error, we affirm.

# Facts and Procedural History

In April 2018, the State charged Morissette with level 2 felony robbery resulting in bodily injury and level 3 felony aggravated battery. On October 2, 2018, pursuant to a plea agreement, he pled guilty to level 3 felony aggravated battery in exchange for dismissal of the other charge. The agreement provided for an executed sentencing cap of nine years. Thereafter, the trial court imposed a sentence of 1825 days with 1541 days suspended to probation.

On July 31, 2019, the State filed a notice of probation violation and petition to revoke probation alleging that Morissette had failed to report to his probation officer on two occasions as required by the terms and conditions of his probation. A revocation hearing was held on February 25, 2020. During the hearing, Morissette admitted that he violated his probation by failing to report to his probation officer. However, before the trial court entered a sanction for the violation, the State filed another notice of probation violation and petition to revoke alleging that Morissette had violated his probation by committing the new criminal offenses of level 5 felony criminal confinement and class A misdemeanor domestic battery.

[4]     The trial court held a hearing on the second petition to revoke on July 7, 2020. During the hearing, Delphi Police Department Officer Alex Parkinson testified that he was dispatched to a Carroll County home on December 11, 2019, in response to a report of a domestic disturbance. When Officer Parkinson arrived, he spoke to Natalie Martinez. Martinez told Officer Parkinson that she wanted to leave the apartment she shared with Morissette but that he stood in front of the door and would not let her leave. Martinez reported that Morissette grabbed her by the arm and pushed her away from the door and that this caused her pain. Officer Parkinson testified that he personally observed "very slight redness" on Martinez's arm. Tr. Vol. 2 at 23. Officer Parkinson stated that Morissette admitted that he blocked Martinez from leaving the apartment without her consent, but he denied that he grabbed her arm or pushed her. Morissette was subsequently charged with level 5 felony criminal confinement and class A misdemeanor domestic battery. At the conclusion of the hearing, the trial court found by a preponderance of the evidence that Morissette violated the terms of his probation by committing criminal confinement and domestic battery, and the court also reaffirmed its prior finding that Morissette violated his probation by twice failing to report to his probation officer as required. The trial court ordered Morissette to serve the balance of his previously suspended sentence in the Department of Correction. This appeal ensued.

# Discussion and Decision

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review probation violation determinations for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id.*

[6] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* "A revocation hearing is in the nature of a civil proceeding, and the alleged violation only needs to be established by a preponderance of the evidence." *Smith v. State*, 727 N.E.2d 763, 765 (Ind. Ct. App. 2000). In short, "[i]f there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation." *Woods*, 892 N.E.2d at 639-40.

[7] When the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton*, 984 N.E.2d at 617. Morissette challenges the State's proof, and the trial court's finding, that

he violated his probation by committing the new criminal offenses of criminal confinement and domestic battery.[1] Specifically, Morissette argues that the trial court erred in admitting Officer Parkinson's testimony about what Martinez told the officer. Morissette claims that it was fundamental error for the court to consider this testimony because it was hearsay and not substantially trustworthy.

[8] As a general matter, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion. *Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009). Further, Indiana Rule of Evidence 101(d) provides that, except for rules involving privileges, the Indiana Rules of Evidence do not apply in probation revocation hearings. Nonetheless, a probationer has certain due process rights at a probation revocation hearing, which include "the right to confront and cross-examine adverse witnesses. *Woods*, 892 N.E.2d at 649; *see also* Ind. Code § 35-38-2-3(f) (stating probationer in revocation proceeding "is entitled to confrontation, cross-examination, and representation by counsel"). Therefore, the trial court may consider hearsay evidence at a probation revocation hearing only if the court finds the hearsay to be substantially trustworthy. *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007).

---

[1] A person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement. Ind. Code § 35-42-3-3(a). The offense is a level 5 felony if it results in bodily injury to a person other than the confining person. Ind. Code § 35-42-3-3(b)(1)(C). A person who knowingly or intentionally touches a family or household member in a rude, insolent, or angry manner commits class A misdemeanor domestic battery. Ind. Code § 35-42-2-1.3.

[9]     Morissette concedes that he did not object to Officer Parkinson's testimony at the probation revocation hearing and thus his claim must be reviewed only for fundamental error. Although a party's failure to make a contemporaneous objection to the admission of evidence generally results in waiver of the issue, "a claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines there was fundamental error." *Weedman v. State*, 21 N.E.3d 873, 881 (Ind. Ct. App. 2014), *trans. denied* (2015)*.* "Fundamental error is error that constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Carden v. State*, 873 N.E.2d 160, 164 (Ind. Ct. App. 2007). The error must be so egregious as to make a fair trial impossible. *Id*.

[10]    Here, Officer Parkinson testified regarding his personal involvement in the investigation of the domestic disturbance that occurred between Morissette and Martinez and what he learned during the course of his investigation, including what both Morissette and Martinez reported to the officer. We observe that Indiana Rule of Evidence 801 provides that an out-of-court statement by a party opponent is not hearsay. *See Bell v. State*, 29 N.E.3d 137, 141 (Ind. Ct. App. 2015) (holding that defendant's statement to detective was a statement by a party opponent and therefore not hearsay), *trans. denied*. Consequently, Morissette's admission to Officer Parkinson that he indeed purposely blocked Martinez from leaving the apartment without her consent is not hearsay. Moreover, Officer Parkinson's testimony regarding his personal observation of

redness on Martinez's arm is not hearsay. Accordingly, we conclude that Officer Parkinson's additional testimony regarding Morissette's confinement of Martinez was substantially trustworthy, and the admission of any hearsay statements contained therein did not constitute error, fundamental or otherwise.

[11] In sum, Morissette has not met his burden to demonstrate that the trial court committed error, much less fundamental error, in relying on Officer Parkinson's testimony to support its finding by a preponderance of the evidence that Morissette violated his probation by committing the new offense of criminal confinement. As proof of a single violation is sufficient to permit a revocation of probation, *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*, we decline to address the reliability of the evidence supporting the court's finding that Morissette also violated his probation by committing the new crime of domestic battery.[2] The trial court's revocation of Morissette's probation is affirmed.

[12] Affirmed.

Najam, J., and Riley, J., concur.

---

[2] We note that Morissette makes no claim of error regarding the trial court's finding, based upon his admission during the prior revocation proceeding, that he also violated his probation by twice failing to report to his probation officer as required.